IVES *against* LYNN.

Personal notice to a tax-debtor to pay the tax, as a prerequisite to making dis-
tress therefor, was not required, by the statute providing for the collection
of taxes, as revised in 1821; but under that statute, a publication on the
sign-post in the town where the land lies, and in a newspaper printed in
the same county, was sufficient notice.

Nor is a personal demand of the tax-debtor for personal property to satisfy
the tax, necessary, before the sale of real estate for that purpose.

It is a legal presumption in relation to the official acts of a public officer, that
he has done his duty.

Therefore, where a collector of state taxes, who had sold the land of the
plaintiff to satisfy a tax against him, stated in his return on the warrant,
that he sold to the defendant, at public auction, the whole of a certain tract
of land, (he offering to take no less quantity,) for the amount of the tax
and lawful charges; and where the collector afterwards, in a deed executed
by him to the defendant, stated, that he sold, at public auction, *sufficient* of
said land to pay the tax and the legal charges, to the defendant, he being
the highest bidder; it was held, that the legal presumption was, that the
collector acted with fairness in the sale, and sold *no more* land than was
sufficient to satisfy the tax and charges; and consequently, the sale was
valid.

It is not by law necessary, that a deed of land, sold, by a collector, for the
payment of a tax, be executed within twelve months after the tax falls
due.

But, as the statute allows the tax-debtor twelve months from the sale for re-
demption; and requires the deed to lie in the town-clerk's office, twelve
months, unrecorded, for the purpose of giving notice to the tax-debtor, that
he may redeem; it is necessary that the deed be executed, and lodged with
the town-clerk, with all convenient despatch after the sale.

Therefore, where land was sold at the sign-post, for the payment of a tax, on
the 29th of *July* 1822, and a deed of such land was executed on the 1st of
*April* 1826; it was held, that such deed was invalid.

THIS was an action of trespass *quare clausum fregit;* tried
at *Middletown, February* term, 1829, before *Hosmer,* Ch. J.

The *locus in quo* was a tract of land in *Durham,* containing
about twenty acres. The question of title was the only one in
controversy. The defendant claimed title, by a deed from *Jo-
seph Chidsey,* a constable of *Durham,* and collector of the state
tax for the year 1821. To establish the validity of this deed,
the defendant adduced in evidence, 1. a warrant from the
treasurer of the state, directed to *Chidsey,* for the collection of
a tax of one cent on the dollar, granted by the General Assem-
bly, in *May* 1821, payable into the treasury by the 20th of
*February* 1822; 2. *Chidsey's* return on such warrant; and 3.
the deed in question. The treasurer's warrant was in the usu-
al form. The collector's return was as follows:

Ives
*v.*
Lynn.

" *Middlesex County, ss. Durham, July* 29, 1822.

By virtue of this warrant, to me directed, having previously advertised in the *Middlesex Gazette*, printed in said county, and also by posting up an advertisement on the public sign-post in said *Durham*, a time and place for receiving the tax herein named, and reasonable notice and opportunity having been given to *Levi Ives*, a person named in the schedule hereunto annexed, and he having neglected to pay the tax standing against his name, and there being no goods or chattels of said *Ives*, to be found in my precincts; I, on the 20th day of *May* last past, levied this warrant on a piece of land herein after described, belonging to said *Ives*, at the time of making up the list whereon said tax arose and was levied. And on the said 20th day of *May* last past, I advertised on the sign-post in *Durham*, where said land lies, that on the 29th day of *July*, so much of said land (the whole containing by estimation about 20 acres) as would be sufficient for the payment of said tax and all necessary charges; and further, three consecutive weeks, six weeks before the said 29th day of *July*, (that being the day of sale,) I published the same advertisement in said *Middlesex Gazette*, printed in *Middletown* in this state, and afterwards, to wit, on the said 29th day of *July*, at the sign-post aforesaid, I, at public auction, within one year after said tax became due, sold to *Samuel Lynn*, of said *Durham*, the whole of said land, (he offering at the same time to take no less quantity,) for the sum of sixty cents, the amount of said tax and lawful charges and costs arising thereon; said land is bounded, &c. And afterwards, to wit, on the 3rd day of *August*, 1822, I acknowledged and delivered a deed, with warranty, of said twenty acres, to the said *Lynn*, bounded as aforesaid; and the sum of ten cents, being a part of the aforesaid sum of sixty cents, I paid over to the treasurer of the state, as by this warrant I was commanded.        Attest.

*Joseph Chidsey*, Constable, and Collector of State Tax."

The deed given by *Chidsey* was as follows:

" *To all people to whom these presents shall come*—Greeting:

" Whereas, I, *Joseph Chidsey*, of the town of *Durham*, in the county of *Middlesex*, a constable of the town of *Durham*, and collector of the state tax for the year 1821, duly and legally appointed and sworn, by virtue of a warrant to me directed, dated the 13th day of *June*, A. D. 1821, signed by *Isaac Spencer*, Treasurer of the state of *Connecticut*, me the said

collector requiring and commanding to collect of the inhabit-
ants of the town of *Durham,* one cent on the dollar on the list
of 1820, amounting to 216 dollars and 25 cents, with all addi-
tions made thereto, out of the goods or estate of the said inhab-
itants, and to settle my accounts with said Treasurer by the
20th day of *February* then next; and for want of goods or
chattels of *Levi Ives,* a person named in the list annexed to
said warrant, and a non-resident proprietor of land in said
town of *Durham,* and charged with a tax in said list, of ten
cents, to be had or found, although diligent search was made
by me therefor, whereupon to make distress for said tax against
said *Levi Ives* in said warrant, or list thereto annexed, mention-
ed, and none being tendered to me; and said *Levi Ives* having
failed to pay said tax against him, or any part thereof, although
I had appointed a time and place for receiving said tax, *viz.*
the 11th of *February,* 1822, at the house of *Daniel Bates,* in
said *Durham;* and had given said *Levi Ives* notice thereof, and
reasonable warning and opportunity to pay the same; that is
to say, by posting the aforesaid notice of time and place, on the
public sign-post in said *Durham,* and by publishing the same in
the *Middlesex Gazette,* so called—did, on the 20th day of *May*
*A. D.* 1822, levy said warrant on a certain piece of land, or
real estate of the said *Levi Ives,* situate and lying in said town
of *Durham,* bounded and described as follows, *viz.* bounded &c.
containing, by estimation, twenty acres—and did thereupon,
afterwards, advertise in a public newspaper printed in *Middle-*
*town,* in *Middlesex* county, called the *Middlesex Gazette,* three
weeks successively, six weeks before the 29th day of *July,*
1822, that so much of said land as would be sufficient to pay
said tax against said *Levi Ives,* with necessary and legal costs
and charges thereon, would be sold at public auction, at the
sign-post in said town of *Durham,* on said 29th day of *July, A.*
*D.* 1822, at one o'clock in the afternoon of said day; and hav-
ing also advertised on said sign-post in said *Durham,* the time
and place of selling the same, as and for the purposes aforesaid;
and whereas, I, the said *Joseph Chidsey,* collector aforesaid,
did, at the said time and place when and where said land was
so advertised to be sold as aforesaid, sell at public auction
*sufficient* of said land or real estate, to pay said tax against said
*Levi Ives,* and the legal costs and charges thereon;—that is to
say, the said piece of land above-mentioned and described, and
all thereof, unto *Samuel Lynn,* of said *Durham,* at and for the

*Middlesex,*
July, 1829.

Ives
*v.*
Lynn.

price of sixty cents, whereof the sum of ten cents was tax, and the sum of fifty cents was charges, the said *Samuel Lynn* then and there being the highest bidder for the same, and paid the sum of sixty cents, being the highest sum bid on and for the same, whereby the said *Samuel Lynn* then and there became the purehaser thereof; which sum of sixty cents was then and there paid to the collector as aforesaid, by said *Samuel Lynn* therefor.   Now, therefore, I, the said *Joseph Chidsey*, in consideration of the premises, and the said sum of sixty cents, paid to me as aforesaid, do hereby grant, bargain, sell, and convey, unto the said *Samuel Lynn,* and to his heirs and assigns forever, the said piece of land above described and mentioned, and all thereof, that is to say, twenty acres by estimation, bounded, &c.—To HAVE AND TO HOLD the same, and the appurtenances thereunto belonging, unto him the said *Samuel Lynn,* his heirs and assigns forever ; and I, the said *Joseph Chidsey,* do for myself and my heirs, executors, and administrators, covenant with the said *Samuel Lynn,* his heirs and assigns, to warrant and defend said described and bargained premises, to said *Samuel Lynn,* his heirs and assigns, against all lawful claims and demands whatsoever.   In witness whereof, I have hereunto set my seal, and subscribed my name and office, this first day of *April, A. D.* 1826.

Joseph Chidsey.   [A Seal.]

Signed, sealed and delivered, in presence of *James Tibbals, W. J. Trench.*

*Middlesex County ss. Middletown, April* 1*st,* 1826.

Personally appeared, *Joseph Chidsey,* signer and sealer of this instrument, and acknowledged the same to be his free act and deed, before me,          *Augustus Cook,* Justice of Peace.

*April* 17th, 1826.   Recorded from the original instrument, being therewith compared.   *W. G. Chauncey,* Town Clerk."

To the admission of these documents, thus offered in evidence by the defendant, the plaintiff objected,

1. Because the notice was given to the plaintiff, who lived in *Wallingford,* to pay the tax, only by a publication on the sign-post in *Durham* and in the *Middlesex Gazette ;* whereas *personal* notice should have been given to him.   The court decided, that the notice was sufficient.

2. Because personal demand was not made, by the collector, of the plaintiff personally, or at his uusal abode in *Wallingford,* before the sale of the land, for personal estate, to satisfy

the tax, costs and charges. The court decided, that although a collector may collect taxes in any town in the state, by special provision of law ; (*Stat.* 455. *s.* 18.) and although, if goods or chattels are tendered, or can be found, a collector may not levy his warrant on real estate ; (*Stat.* 455. *s.* 19.) yet he is not obliged to make personal demand for them, or to go out of the town in which he resides, to search for them.

3. Because it does not appear, by the collector's return, or by the deed in question, that a sale of *all* the tract disposed of, was necessary to raise the sum for which it was sold ; or that a part of the land was first offered for sale, and found to be insufficient. The court decided, in the first place, that this objection was not warranted by the facts apparent on the return ; and secondly, that the presumption of law is, that the collector performed his duty faithfully, until the plaintiff shews the contrary, which he is at liberty to do.

4. Because the deed was not executed within a year after the tax fell due ; and that it was not lodged in the town-clerk's office, without being recorded, for a period of twelve months. The court decided, as to the first branch of the objection, that the law under which the sale was made, on the 29th of *July,* 1822, does not require, that a deed shall be executed within twelve months after the tax falls due ; (*Stat.* 456. *s.* 20.) and as to the second branch, that although the law admits of a redemption of the estate sold within twelve months from the time of sale, and declares that the deed shall remain unrecorded twelve months, yet the deed is not rendered void, by the premature record of it ; and where, as in this case, the deed was not given until the period of redemption had elapsed, there is no legal prohibition against its being recorded without delay.

These objections being thus overruled, the evidence offered was permitted to go to the jury, and the plaintiff obtained a verdict. The defendant moved for a new trial, on the ground that such evidence ought to have been rejected.

*N. Smith* and *Stanley,* in support of the motion, after premising, that he who seeks to take another man's estate from him against his will, must shew, that the proceedings, by virtue of which he claims title, are strictly conformable to law, contended, 1. That no legal notice was given to the tax-debtor to pay the tax. First, the tax-debtor is entitled to *actual* notice. This is implied in the term "*warning.*" It is also implied in

*Middlesex,*
*July, 1829.*

Ives
*v.*
Lynn

the provision of the statute, that the tax-debtor shall have " *opportunity to pay*" the tax. *Stat.* 455. *s.* 19. Secondly, if other than actual or personal notice is sufficient, it must at least be " *reasonable*" notice. But an advertisement printed in a *Middletown* newspaper, and posted on the sign-post in *Durham,* is not *reasonable* notice to an inhabitant of *Wallingford ;* because it cannot be *reasonably* inferred, that he would derive therefrom any " warning," or " opportunity to pay" the tax. If any circumstances existed, which made this reasonable notice, those circumstances ought to appear in the return, that the court may be enabled to decide the point. Thirdly, if the notice given in this case, is sufficient, then the act approved *June* 1st, 1824, was *unnecessary.* The passing of that act was equivalent to a declaration by the legislature, that such notice was, previously, insufficient.

2. That the collector must make a demand for personal property of the tax-debtor in person, or at his usual abode, before he can levy on his land. It will be conceded, that this is indispensable in the case of an ordinary execution. What ground of discrimination is there between the cases ? Should not the rights of the citizen be as well guarded against a tax-gatherer as against a creditor ? The reason in both cases is the same ; the powers of the officers are the same ; their fees are the same. In *Allen* v. *Gleason,* 4 *Day,* 382. it was taken for granted, by the court, " that collectors of taxes have the powers, and must proceed generally in the same manner to collect, as officers having executions."

3. That it does not appear, by the return or by the deed, that it was *necessary* to sell *the whole* of this land ; and if not necessary, a sale of twenty acres, to raise sixty cents, was oppressive and illegal. A collector can only sell enough to satisfy the tax and charges ; and *non constat,* that a single square rod would not be enough for this purpose. *Stead's* exrs. v. *Course,* 4 *Cranch,* 403. 414.

4. That the plaintiff had a right to have the deed made out immediately, or within a reasonable time, after the sale, and lodged in the town-clerk's office for record ; and then he, and those who claim under him, were entitled to twelve months to redeem it in, during which period the deed was to remain unrecorded. *Stat.* 456, *s.* 20. The statute does not say, in express terms, that the deed shall be lodged in the town-clerk's office *immediately after the sale* ; but it does say, that the tax-

debtor shall have twelve months to redeem his land in, "from the time of the *sale ;*" and that the deed shall remain in the town-clerk's office unrecorded twelve months. The tax-debtor is strictly entitled to the benefit of both these provisions. But of what use is it to him to have a deed lie unrecorded in the town-clerk's office, after his time of redemption has expired? The only consistent construction is that which makes the twelve months in relation to both subjects *run together ;* and as the period of redemption is reckoned from *the sale*, the other period must be reckoned from the same point. In this case, the time of the sale, was the 29th of *July* 1822, and the date of the deed, was the 1st of *April*, 1826.

*Middlesex,*
*July, 1829.*

Ives
*v.*
Lynn.

*Sherman* and *Hungerford*, contra, contended, 1. That the notice given to the plaintiff to pay the tax, was sufficient. The statute did not require *personal* notice, but " reasonable warning and opportunity to pay the tax;" and such warning and opportunity the plaintiff had. To require the collector to go, in the first place, to all the proprietors of land in the town, residents and non-residents, and give them notice to pay the tax, and then to go again and make demand of personal property, would be an intolerable inconvenience. Can he charge travel fees for giving notice that a tax is due? Every owner of land is presumed to be conusant of the fact, that he owes a tax on it. If the plaintiff, in this case, had not actual notice, it is at least incumbent upon him to shew it ; which he has not done.

2. That for similar reasons, a collector is not obliged by law to make personal demand of the tax-debtor for chattels, or to go out of the town in which he resides to search for them.

3. That the sale was regularly and legally made. It appears, both by the collector's return and by the deed, that the plaintiff was properly notified of the time and place of sale, by advertisement and posting. In the return, it is averred, that the collector, on the 29th of *July*, 1822, (that being the appointed day of sale,) sold, at the sign-post, *at public auction*, to *Samuel Lynn* the whole of said land, he offering at the same time to take no less quantity, for the amount of the tax and charges. A sale at public auction implies, *ex vi termini*, that the vendee was the *highest bidder*. The deed is still more explicit. It avers, that the collector did, at the time and place when and where the land was advertised to be sold, *sell*, at *public auction*, SUFFICIENT of said land to pay the tax and

charges, *i. e.* the piece of land described, to *Samuel Lynn,* he being *the highest bidder.* The deed is in the nature of a return, and is evidence of the collector's proceedings. The law does not require the collector to make his return on the back of his warrant; but he may state the proceedings in his deed. There is nothing in the return, which goes to impair or detract from the averment in the deed; and that averment is clearly sufficient.

4. That the deed executed by the collector, on the 1st of *April,* 1826, conveyed a valid title to the defendant. The *sale* took place, when the land was bid off at the sign-post; and was *prima facie* evidence of title in the purchaser. *Bryan & al.* v. *Hinman,* 5 *Day* 211. The instrument of conveyance is a different thing. This may be executed at a different time and place; and there is no law requiring its execution within a year.

HOSMER, Ch. J. The plaintiff brought an action of trespass *quare clausum fregit* against the defendant, and at the trial, made a *prima facie* case. The defence is title, by a deed from a collector of state taxes, on sale of the property in question; and the validity of such defence will appear, by attention to the objections made to it, on the part of the plaintiff.

1. It was first objected, that personal notice or other reasonable and sufficient warning to the plaintiff to pay the tax, was not given; nor was demand made of him for payment.

By the 19th section of the act providing for the collection of taxes, (*p.* 455. *s.* 19. revis. 1821.) it is enacted, that the collectors of taxes shall appoint a time and place for receiving them, and shall give to every person reasonable warning for paying such taxes; and in failure of payment, that they shall make distress.

The notice given in this case, was not personal, but was by a publication on the sign-post in *Durham,* where the land lies, and in the *Middlesex Gazette.* Such notification was all that the law requires. Personal notice and demand are not prescribed by the statute; and the inconvenience of them would be intolerable. The law, by contemporaneous and uniform construction, has been long settled, and the notice in this case, sanctioned, by universal usage.

2. It was next objected, that personal demand was not made of the plaintiff, by the collector, or at his usual abode in *Wal-*

*lingford, before the sale of the land,* for goods and personal estate, to satisfy the tax.

The statute concerning the collection of taxes, is complete in itself; and it is sufficient if the prescriptions have been complied with. It requires three weeks advertisement of the time and place, at least six weeks before the time of sale, in some public newspaper printed in the county where the land lies, or an adjoining county, and *then* directs the sale of the land at public auction. *Stat.* 455. *tit.* 100.*c.* 2. *s.* 20. The return of the collector shews, that these requisitions were observed. The personal notice and demand, constituting the objection made, are not by law required.

3. It was next objected, that it does not appear, by the return of the officer, or the deed in question, that the sale of all the land disposed of, was necessary to raise the sum for which it was sold; or that a part of the land was first offered for sale, and found to be insufficient. The validity of this objection depends on the collector's return. From that and the deed just mentioned, it appears, that the collector sold to *Samuel Lynn* the land in question, (he having offered to take no less quantity,) for the amount of the tax and lawful charges; and that he sold sufficient to pay the tax and costs; *Lynn* being the highest bidder.

It is a presumption of law, that the collector did his duty; and if he did not, it rests on the objector to prove the obliquity of his conduct. No proof has been offered to establish the fact alluded to.

It is required of the collector, that he act with fairness, and sell no more property than is requisite to pay the tax and charges. But the specific mode in which he is to act, the law does not prescribe. When he says, as he does in his return, that he sold the whole of the land in question, the purchaser having offered to take no less quantity, the legal presumption is, that he sold what was necessary, and no more; and when he affirms, as he does, that he sold *sufficient* to pay the tax and charges, the inference is equally clear, that he disposed of no more than was sufficient. A different construction can alone be founded on a new principle; that is, that returns are to be expounded most strictly against the officer, on the unheard of presumption, that he did not do his duty. On the contrary, the inference is legal, that the auction was fairly and properly conducted; and the presumption of fact derived from the defend-

*Middlesex,*
July, 1829.

Ives
*v.*
Lynn.

ant's silence, in respect of proof, terminates in the same result.

4. The last objection requiring notice, is, that the deed to the defendant was not executed within a year after the tax fell due, nor lodged pursuant to law, for twelve months, in the town-clerk's office, *without being recorded.*

As to the first branch of the objection, the law of *May* 1821, under which the sale was made, does not require, that a deed shall be executed within twelve months after the tax falls due. There is, however, a point of view arising on the facts displayed, that clearly shews the defendant's deed to be invalid.

The land in question was sold at public auction, by the collector, on the 29th day of *July* 1822 ; and the deed exhibited in evidence, founded on that sale, was not executed until the 1st day of *April* 1826. This was not in conformity with the requisitions of the statute. By this act, the collector is to sell the estate of the tax-debtor at auction, and "to give to the purchaser a deed of warranty thereof, to be lodged in the office of the town-clerk where the land lies, to remain unrecorded twelve months : and if the owner, from whom the tax was due, or any purchaser, mortgagee, creditor of such owner, or person claiming any interest in the land, shall, within twelve months from the time of sale, pay or tender to the purchaser from the collector, the purchase money, with twelve *per cent.* interest, such deed shall be void, and shall be delivered up to the person paying or tendering the money ; who shall hold such land or estate as a security, in nature of a mortgage, for the money paid and twelve *per cent.* interest." *Stat.* 456. *tit.* 100. *c.* 2. *s.* 20. This systematic provision must be so construed, that all its parts may take effect according to the intent of the law.

The first subject in the natural order of events, is the execution of the deed. The law is not explicit as to the period of its execution, but the nature of the subject indicates it, with sufficient clearness. The estate sold is redeemable at any time within twelve months *from the sale ;* and to give constructive notice of the facts requisite to be known, by those who have a legal right to redeem, the collector's deed is to be filed with the town-clerk, to remain twelve months unrecorded. In order to carry the whole law into effect, the deed must be executed with all convenient speed after the sale, and lodged with the town-clerk ; otherwise, the right of redemption cannot, or at least may not, be exercised, for deficiency of

notice. Neither the owner of the land, nor a purchaser, mortgagee or creditor is bound to look any where but at the town-clerk's office, to get the requisite information of the facts, in order to decide on the necessity or propriety of redeeming the estate sold. The deed in question was not executed until nearly four years after the sale of the land, by the collector. The validity of the deed depending on positive law not complied with, it is, undoubtedly, void.

*Middlesex,*
*July, 1829.*

Ives
*v.*
Lynn.

The determination at the circuit, was incorrect ; and a new trial is advised.

The other Judges were of the same opinion.

New trial to be granted.