AARON HOFFMAN *v.* JOHN C. KELLY ET AL., LIQUOR CONTROL COMMISSION

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued January 2—decided April 1, 1952

*William L. Beers,* deputy attorney general, with whom, on the brief, was *George C. Conway,* attorney general, for the appellants (defendants).

*William S. Gordon, Jr.,* with whom were *Stephen M. Riley* and, on the brief, *Mary C. Fitzgerald,* for the appellee (plaintiff).

JENNINGS, J.  The plaintiff's application for a druggist liquor permit was denied by the defendants, the liquor control commission.  The reason given was unsuitability of place because the commission, having considered the number of like outlets in the neighborhood, found that the granting of a permit in this locality would be detrimental to public interest, and because the commission was satisfied that there had been no change in the neighborhood since prior denials.  Two previous applications of the plaintiff had been denied on substantially the same ground.  The plaintiff appealed to the Court of Common Pleas.  The commission certified to the court the evidence presented at its hearing.  The court proceeded to hear additional evidence.  It is not printed but, from the number of subordinate facts found, it must have been extensive.  The court made a finding and concluded, in effect, that the plaintiff was a suitable person, that his store was a suitable place for a druggist liquor permit and that the commission's decision to the contrary was arbitrary and illegal.  In its judgment it sustained the appeal and ordered the commission to issue a permit to the plaintiff.  The defendant appealed to this court on the ground that the finding did not support the conclusions and that the commission could not reverse its former decisions.

Suitability of person was never questioned.  As the case is presented, suitability of place is not an issue.  The commission contends, however, that its denial of the permit is justified under the principle of law which ordinarily renders every administrative agency impotent to reverse itself unless (1) a change of condi-

tions has occurred since its prior decision or (2) other considerations materially affecting the merits of the subject matter have intervened and no vested rights have arisen. *Middlesex Theatre, Inc.* v. *Hickey*, 128 Conn. 20, 22, 20 A. 2d 412. While it is true that the court found that there had been a change of conditions, this finding was of no moment. The function of the court on review is not to reach its own conclusions upon subordinate facts but only to determine whether the conclusion of the commission on those facts was unreasonable or illogical. We cannot hold that the commission could not, in reason and logic, have decided that the changes in condition which had occurred did not have a material effect upon the subject matter of the application. See *Burr* v. *Rago*, 120 Conn. 287, 293, 180 A. 444. To that extent there was support for the commission's position.

To support a denial of the permit on the ground that the commission was bound by its earlier decision, it was necessary to exclude not only the existence of a change of conditions in the neighborhood but also the presence of any new considerations materially affecting the subject matter. Since, however, the commission failed to exclude the latter, the reasons assigned for its decision fell short of supporting the denial of the permit on the ground that the commission was not free to reverse its prior decision. The judgment of the court sustaining the appeal, while based on a theory different from that under discussion, was correct. *Dillon* v. *American Brass Co.*, 135 Conn. 10, 16, 60 A. 2d 661; *Kelley* v. *Board of Zoning Appeals*, 126 Conn. 648, 653, 13 A. 2d 675.

The court was not correct, however, in rendering a judgment directing the commission to issue the requested permit. Section 4277 of the General Statutes provides in part: "The court, upon [an] appeal [from an

adverse decision of the commission] and after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." Until the commission has passed upon the question whether new considerations have arisen since its former denial of the permit, its conclusion that it was bound by its former decision cannot be tested. It is for the commission to say, in the first instance at least, whether new considerations have arisen, what they are and whether they so materially change the aspect of the case that they will justify a change of decision. The trial court upon sustaining the appeal should have remanded the case to the commission to be proceeded with in accordance with law.

While the Court of Common Pleas continues to pay lip service to the principle that the issue on appeal from an administrative board is whether it has acted arbitrarily, illegally or in abuse of its discretion, the type and number of records in such appeals reaching this court indicate that in many instances the matter is really being retried and an independent conclusion reached. The case at bar is a good example of that practice.

The statute governing appeals from the liquor control commission has always had three parts. The part dealing with fees for permits is irrelevant to this inquiry. The part dealing with the effect of the appeal has remained substantially unchanged. It provides that if, on appeal, it is found that both person and place are suitable, a judgment shall be rendered accordingly, a copy thereof shall be sent to the commission and the commission shall thereupon issue the desired permit.

The part dealing with procedure has had a more checkered career. The original statute simply provided for an appeal and made the reasons actuating

the commission relevant evidence. Cum. Sup. 1935, § 1055c. In 1941 it was provided that "the trial shall be de novo," and the court was given broad powers as to the form of judgment. Sup. 1941, § 463f. In 1945 the statute took its present form. Sup. 1945, § 640h. The effect of the provision for a trial de novo had been limited by the construction of the statute in *DeMond* v. *Liquor Control Commission*, 129 Conn. 642, 645, 30 A. 2d 547. It was omitted in the 1945 act. The statute now provides that a transcript of the hearing before the commission shall be certified to the court, which "shall admit so much thereof as is legally competent, relevant and material to the issue within the rules of evidence." § 4277. The reasons of the commission for its action continue to be admissible. The statute then continues: "The court may hear additional testimony if good and sufficient cause is shown for the failure to have offered it to the commission and the court may admit additional testimony if necessary for a just determination of the issues presented."

This statutory history against the background of such cases as *DeMond* v. *Liquor Control Commission*, supra, *Colonial Beacon Oil Co.* v. *Zoning Board of Appeals*, 128 Conn. 351, 354, 23 A. 2d 151, and *Skarzynski* v. *Liquor Control Commission*, 122 Conn. 521, 525, 191 A. 98, clearly indicates the present intention of the General Assembly. Issues of fact on which the issuance, revocation or suspension of permits for the sale of liquor depends are to be tried and determined by the commission. With that care for which our jurisprudence is justly famous, an appeal to correct manifest errors is allowed. Ordinarily, the appeal should be heard on the record before the commission, including its reasons for its action and the transcript of evidence. Before additional testimony can be received by the court, it must find either that sufficient cause is shown for the

failure to offer the testimony before the commission or that reception of additional testimony is "necessary for a just determination of the issues presented." § 4277. No such finding was made in the case at bar, nor does any substantial reason appear why additional evidence should have been received. The transcript of the evidence heard by the commission shows that the proceedings there were full and complete. *Shuman* v. *Brainard*, 130 Conn. 564, 568, 36 A. 2d 113. The additional evidence before the court was received without objection, however, and we must take the case made by the parties. *Lebas* v. *Patriotic Assurance Co.*, 106 Conn. 119, 125, 137 A. 241. The foregoing discussion has been included in the interest of orderly procedure.

There is error, the judgment is set aside and the case is remanded with direction to render judgment remanding it to the liquor control commission to be proceeded with in accordance with this opinion.

In this opinion the other judges concurred.