Louis deGarmo et al. *v.*
Liquor Control Commission et al.

Superior Court     Fairfield County     File No. 87171

Memorandum filed August 6, 1952.

*Spellacy & Aron,* of Hartford, for the Plaintiffs.

*Louis Weinstein,* of Hartford, and *Brennan, Gaffney & Dichter,* of Stamford, for the Defendants.

MURPHY, J. On July 7, 1952, the liquor control commission issued to Hazel R. Donnelly a six months hotel permit for the sale of alcoholic liquor at the Old Greenwich Inn on Ledge Road at Old Greenwich Point in Greenwich.

The plaintiffs are a group of twenty-three residents of the neighborhood who opposed the issuance of the permit. In 1951, a similar application was filed and those plaintiffs were successful in their remonstrance. The commission gave "unsuitability of place" as its reason for denying that application in that the neighborhood was highly residential and a permit in that locality would be detrimental to the neighborhood. The remonstrants do not have the right of appeal. General Statutes § 4259. They have brought this action to the September, 1952, term of the Superior Court in Fairfield County, seeking a mandatory injunction directing the commission to revoke the permit and a temporary and permanent injunction restraining the permittee from using it. This matter came before me as judge of the Superior Court on a rule to show cause why the temporary injunction should not issue.

Having denied the 1951 application, the commission should not have granted the 1952 permit unless [1] there was a change of conditions or [2] other considerations materially affecting the merits of the subject matter had intervened. *Middlesex Theatre, Inc.* v. *Hickey,* 128 Conn. 20, 22; *Hoffman* v. *Kelly,* 138 Conn. 614, 617. That the commission was well aware of these restrictions upon its authority is

evident by the remarks of two of the commissioners on pages 9, 11, 20a and 21 of the transcript of the hearing in Hartford on June 19, 1952. The opinion in the *Hoffman* case was handed down on April 1, 1952.

The law presumes that public officers have done their duty until the contrary appears. *Booth* v. *Booth,* 7 Conn. 350, 367; *Ives* v. *Lynn,* 7 Conn. 505, 513. By its action the commission must have found one or both of those conditions to have been met. However, the record is silent as to the reasons for its action. That they should be a matter of record is obvious. *Hoffman* v. *Kelly,* supra, 619.

Examination of the transcripts of the testimony at the 1951 and 1952 hearings shows that a recreational park is being developed in the general area and that Ledge Road, a private thoroughfare, had been improved. There was some evidence of the proposed installation of a power station offshore but it was quite conjectural. However, the commissioners personally inspected the premises on June 26, 1952, which they did not do in 1951. The personal observation may have indicated conditions or considerations materially different from those gleaned from the oral testimony and exhibits.

Despite the lack of reasons in the record as such, I do not feel that the temporary injunction should issue. If I was sitting as the court, I would remand this case to the commission to include in its finding the reasons for its action. *Hoffman* v. *Kelly,* supra, 618, 620. As a judge sitting in chambers session, I cannot do so. The case will be heard upon its merits very shortly. Practice Book § 131. I shall not disturb the status quo.

The application for a temporary injunction is denied.