JAMES SIPPERLEY ET AL. *v.* THE BOARD OF APPEALS ON
ZONING OF THE TOWN OF WESTPORT ET AL.

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued June 2—decided July 14, 1953

*Frederick L. Comley,* for the appellants (defendants Hrivnock).

*Edgar T. See* appeared for the appellant (defendant board).

*Gregory C. Willis,* with whom, on the brief, was *Lorin W. Willis,* for the appellees (plaintiffs).

O'SULLIVAN, J. On September 6, 1951, the named defendant, to be called the board, granted a variance of the zoning regulations of Westport to the defendants Theodore H. and Stephen W. Hrivnock. The eleven plaintiffs, all taxpayers owning real estate in the immediate vicinity, appealed from the action of the board to the Court of Common Pleas. Their appeal was sustained, and from the judgment rendered thereon all defendants have appealed to this court.

It is conceded that the following facts were before the board: The Hrivnocks, whom we shall call the defendants, own a tract of land in the town of Westport. The tract fronts southerly on the Boston Post Road for 190 feet and easterly on Maple Avenue for 344 feet; its westerly and northerly dimensions are 311 and 190 feet, respectively. Zoning was adopted by the town on September 8, 1930. The southerly part of the tract to a depth of 200 feet has always been zoned for business, while the remainder was placed and still remains in a residence zone. Prior to September 8, 1930, the premises had been used for hotel purposes and as a site for the sale of vegetables.

The defendants purchased the property in 1948 and established a lumberyard on the part of the premises within the business zone. During September, 1950, they unsuccessfully sought the board's approval of a variance through which the rest of the tract could be used for their business. They took no appeal from the adverse decision. In August, 1951, the defendants again applied to the board for permission to use for business purposes the entire tract or that portion within 300 feet of the Post Road or such additional part of the property beyond the 200-foot depth as the board might deem proper. At the public hearing held upon the application, the defendants admitted that no change in conditions had occurred since the preceding hearing. They stated, however, that the need for a variance had increased because of the growth of their business. In spite of the opposition voiced by neighboring landowners, the board granted the application by permitting a business use up to a line fifty feet distant from the northerly boundary. The Court of Common Pleas held that the action of the board was illegal, arbitrary and in abuse of its discretion. On appeal to this court, the defendants have advanced several assignments of error, but, in our view of the case, we need refer to but one matter, since this provided ample justification for the reversing of the action of the board.

A board of zoning appeals is undoubtedly invested with a liberal discretion in deciding whether to reverse one of its former decisions. *Torello* v. *Board of Zoning Appeals,* 127 Conn. 307, 311, 16 A.2d 591. The exercise of this discretion, however, is subject to review by the court to determine whether the board acted reasonably and legally and upon evidence which fairly sustained its action. *Burr* v. *Rago,* 120 Conn. 287, 292, 180 A. 444. When the question was

first presented in the early days of zoning, this court held that a zoning board of appeals "should not ordinarily be permitted to review its own decisions and revoke action once duly taken. Otherwise there would be no finality to the proceeding; the result would be subject to change at the whim of members or due to the effect of influence exerted upon them, or other undesirable elements tending to uncertainty and impermanence." *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 137, 154 A. 343. In *Rommell* v. *Walsh,* 127 Conn. 272, 276, 16 A.2d 483, we reaffirmed our position. In a more recent case, we re-explored our established legal principles and sharpened, without altering, the limits within which the discretion of an administrative board may be exercised. *Hoffman* v. *Kelly,* 138 Conn. 614, 88 A.2d 382. Under that decision, every administrative agency is ordinarily impotent to reverse itself unless (1) a change of conditions has occurred since its prior decision or (2) other considerations materially affecting the merits of the subject matter have intervened and no vested rights have arisen. Id., 616.

It necessarily follows that the board's power to reverse itself in the case at bar was contingent upon the existence of a situation falling under either (1) or (2) of that principle. The board's action cannot be justified under (1), because, as the defendants expressly concede, there had been no pertinent change in conditions following the denial of their application in 1950. The defendants maintain, however, that the situation was one which fell under (2), the other alternative. Their argument is that in 1950 they sought and the board denied a variance for all of their land lying within the residence zone, while in 1951 they requested a variance for a smaller part of that specific land. A "whole new set of factors to be

weighed in determining the merits of the petition" was thus, they claim, presented to the board for consideration and disposition.

The defendants misconceive the import of the principle under discussion. The considerations therein mentioned do not refer to newly thought of grounds which could have been presented by the earlier application and are recited in a subsequent application asking for relief substantially identical with that previously sought. To fall within the principle, the consideration must relate to something that was not and could not have been advanced as a reason for seeking a variance upon the prior application. It must relate to some material new factor which was nonexistent when the prior application was denied.

The defendants' application of 1951 failed to meet these requirements. That application and the one presented in the previous year sought the same thing, namely, an extension of the business use at the expense of the portion of the tract zoned for residence. In 1950, the board might have granted the variance so as to apply to all or any part of the land in the residential zone. The effect of its action was to do neither. Therefore, in 1951, it passed upon a problem which had fallen within the scope of its determination in 1950. This it could not do. The court was correct in sustaining the appeal from the board.

There is no error.

In this opinion the other judges concurred.