GEORGE E. CARROLL *v.* PUBLIC UTILITIES COMMISSION
ET AL.

SUPERIOR COURT  NEW HAVEN COUNTY  FILE NO. 29293
AT WATERBURY

Memorandum filed December 23, 1964

*Reubin Kaminsky,* of Hartford, for the plaintiff.

*Harold M. Mulvey,* attorney general, and *Samuel Kanell,* assistant attorney general, for defendant Public Utilities Commission.

*James E. Russell,* of Waterbury, for respondent Anthony D. Greco, d.b.a. Merchants Parcel Delivery.

COTTER, J. This is an appeal from the decision of the public utilities commission denying the plaintiff's application for authority to perform certain transportation service.

A hearing was held on the application April 8, 1964, after proper notice. On April 9, 1964, the examiner recommended that the application be granted as amended. The commission's approval stamp appears on this report, but a pencil line was drawn through the word "approved" and a notation was made, "Withhold issuance of finding pending

investigation of complaint. PN 4/15/64." The hearing on the application was reopened, and the reopened hearing was held May 28, 1964, after proper notice, and the examiner again recommended that the original application be granted. This report also bears the commission's approval stamp with pencil lines drawn through the word "approved."

A verbal complaint was made about the applicant, and an investigation made June 29, with a report of the same in the file dated June 30, 1964. Thereafter, without notice or an opportunity to be heard, the examiner in a written report recommended denial of the application on the ground that the plaintiff was an unfit person to perform services under a certificate issued by the commission. The application was denied by the commission on July 20, 1964. The investigation conducted after the hearing and reopened hearing was carried out ex parte and without any notice or opportunity to be heard and answer the complaints or charges.

The public utilities commission is a body that performs quasi-judicial functions. *State ex rel. Barnes v. Holbrook,* 136 Conn. 312, 318. Our Supreme Court indicates that a party must have ample opportunity to examine exhibits, cross-examine a witness, and offer contradictory testimony before this commission. *Wilson Point Property Owners Assn.* v. *Connecticut Light & Power Co.,* 145 Conn. 243, 264. The commission cannot act without notice and a reasonable opportunity to be heard; *Greenwich* v. *Greenwich Water Co.,* 145 Conn. 526, 533; and must act within constitutional limits. *Southern New England Telephone Co.* v. *Public Utilities Commission,* 144 Conn. 516, 523. Issues of fact must be determined by a commission "[w]ith that care for which our jurisprudence is justly famous." *Hoffman* v. *Kelly,*

138 Conn. 614, 619. Section 16-284 provides for a public hearing. Information secured by independent investigation apart from the hearing, and not made known upon the hearing, is not evidence properly in the case. 42 Am. Jur. 465, n.11, Public Administrative Law, § 130.

The Supreme Court has said: "[I]t is stated in the Commission's report that they base their conclusion more largely upon their own investigation than upon the testimony of the witnesses. It would be a very strong proposition to say that the parties were bound in the higher courts by a finding based on specific investigations made in the case without notice to them. . . . Such an investigation is quite different from a view by a jury taken with notice and subject to the order of a court, and different again from the question of the right of the Commission to take notice of results reached by it in other cases, when its doing so is made to appear in the record and the facts thus noticed are specified, so that matters of law are saved." *United States* v. *Baltimore & O.S.R. Co.*, 226 U.S. 14, 20.

Under general requirements applicable to quasi-judicial proceedings, or under the requirement of a full hearing, a party has the right, and the hearing must afford him the opportunity, to defend the right involved, usually by argument, proof, and cross-examination of witnesses, with knowledge of the evidence, the witnesses to be heard, and the claims and contentions of opponents. 2 Am. Jur. 2d 227, Administrative Law, § 416. Cross-examination of witnesses is an essential right in administrative proceedings and cannot be denied. *Interstate Commerce Commission* v. *Louisville & N.R. Co.*, 227 U.S. 88.

Since this state of facts presents a substantial question of due process, the case is referred back

to the commission under § 16-37 so that the plaintiff may be given notice of the matters relative to the additional investigation and an opportunity to examine them and answer such complaints if he can and report the same to the court, with the commission's findings of fact and conclusion of law.