## MARY OVERSTROM *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT      MIDDLESEX COUNTY      FILE NO. 22154

Memorandum filed March 11, 1974

*Mary Overstrom,* pro se, the plaintiff.

*Robert K. Killian,* attorney general, and *Robert W. Murphy,* assistant attorney general, for the defendant.

NARUK, J. The within matter is an appeal by the plaintiff, from a decision of the unemployment commissioner for the second district denying the plaintiff unemployment compensation. In such a proceeding, the court may not go any further than to determine whether the commissioner acted unreasonably, arbitrarily or illegally in reaching the result he did, on the basis of the facts he found. *Lanyon* v. *Administrator,* 139 Conn. 20, 28–29; *Hoffman* v. *Kelly,* 138 Conn. 614, 617; *Beaverdale Memorial Park, Inc.* v. *Danaher,* 127 Conn. 175, 181.

The undisputed facts show that the plaintiff, a sixty-seven-year-old married woman, was laid off from a part-time job she held at the cafeteria at Wesleyan University because of the summer school vacation. At the time she was laid off, it was her

intention to return to her employment at the end of the summer, and she in fact did do so. The commissioner denied her claim, despite her willingness to accept summer employment, because of her statement that she would terminate such summer employment in order to return to her job at the university in the fall. He concluded from that statement that "[t]he claimant did not expose herself unequivocally to the labor market and was unavailable for work within the meaning of the Law."

The administrator joins in the plaintiff's request for a remand. The grounds for the requested remand are twofold: First, it is the administrator's contention that the commissioner's decision directly contravenes a policy of the administrator which has been in effect since the inception of unemployment compensation in this state. Second, there were no findings made on the issue of reasonable efforts, and a finding on that issue is essential to a final determination of the case.

It has been the policy of the administrator from the beginning of the administration of the unemployment compensation program to accept a bona fide attempt to obtain a temporary full-time job as satisfying the requirements of availability as set forth in § 31-235 (2) of the General Statutes. Thus, students, construction workers, tobacco workers, garment workers and many others have been deemed qualified for the receipt of unemployment compensation benefits even though their exposure to the labor market has been for a limited duration. This "liberal" policy of the administrator has been virtually unchallenged by employers.

It is believed by the administrator that a requirement that one must seek permanent, full-time employment in order to qualify for unemployment benefits would have serious effects upon a large

segment of our population. Equally important is the consideration that, as a practical matter, one who is seeking temporary full-time work may be as genuinely interested in and motivated to find such work as the individual seeking permanent full-time work. It is manifestly unfair to declare that the former is "unavailable" when for reasons not fully under his control he has only a limited time to be exposed to the labor market.

The issue of what efforts were made by Mrs. Overstrom in seeking employment is material to a final determination. The fact-finding report and disqualification letter indicate that she was either not making any efforts at all in finding employment or that such efforts were limited to seeking part-time work. Yet the commissioner's decision did not deal with the issue of efforts at all.

For the foregoing reasons, this case must be remanded to the unemployment compensation commissioner for the second district for a further hearing on the issue of what efforts the plaintiff made during the claim period to obtain employment.

Judgment may enter accordingly.