[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION FACTS
This is an appeal from a decision of the defendant Board which denied the plaintiffs' appeal of a cease and desist order. The plaintiffs are Herman and Delores Joslow, co-owners of the subject real property which is located at 735 Main Street in Somers, Connecticut. The defendants are the Somers Zoning Board of Appeals, its chairman, John Torres, and the Somers Town Clerk.
On June 21, 1973, the plaintiffs acquired title to the real property that is the subject of this action. (Complaint par. 1). On October 17, 1973, the plaintiffs applied to the Somers Zoning Commission for a building permit to add eight bedrooms and eight bathrooms to the existing structure. (Record Item i). This application was approved. (Record Item n). On June 24, 1974, when the addition was completed the Town of Somers issued the plaintiffs a certificate of occupancy. (Record Item j). On January 6, 1987 the Zoning Enforcement Officer of the Town of Somers directed the plaintiffs to appear before the Somers Zoning Commission. (Record Item 4). On March 16, 1987, at a public meeting, the Somers Zoning Commission voted that, "effective October 17, 1973 the zoning commission approved an application for eight bedrooms and eight bathrooms at the residence located at 735 Main Street and that the zoning commission will take no further action." (See Record Item 1).
On June 29, 1988 the plaintiffs received a cease and desist order which instructed them to "discontinue use of the property at 735 Main Street as a rooming house or lodging house within thirty (30) days of receipt of this notice." (Record Item p). On July 28, 1988, the plaintiffs filed an appeal pursuant to Section 11(1) of the Somers Zoning Board of Appeals. (Record Item a). Section 11(1) of the Regulations provides that the Board shall "hear and decide appeals where it is alleged that there is an error in any order. . .made by the official charged with the enforcement of this regulation." (Record Item y at 37). At a public meeting on September 14, 1988, the Board heard the plaintiffs' appeal. (Record Item q). On October 6, 1988 the Board issued a decision which rejected the plaintiffs' appeal. (Record Item v). CT Page 3717
Standard of Review
A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. See Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554,572-73 (1988). The court is only to determine whether the agency has acted illegally, arbitrary or in abuse of its discretion. Raybestos-Manhattan, Inc. v. Planning Zoning Commission, 186 Conn. 466, 470 (1982). The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v. Planning 
Zoning Commission, 211 Conn. 85, 96 (1989).
ISSUE
Whether the decision of the defendant Zoning Board of Appeals [the "Board"] was arbitrary, capricious or otherwise illegal.
DISCUSSION
Aggrievement
Aggrievement is a prerequisite to maintaining an appeal. See Smith v. Planning and Zoning Board, 203 Conn. 317, 321
(1987). Unless the plaintiff alleges and proves aggrievement his case must be dismissed. Fuller v. Planning and Zoning Commission, 21 Conn. App, 340, 343 (1990). An owner of the subject property is aggrieved and entitled to bring an appeal. See Bossert Corp. v. Norwalk, 157 Conn. 279, 285
(1985). The plaintiffs allege that they are the owners of the subject real property. (Complaint par. 1). The defendants have admitted this allegation. (Answer par. 1). Therefore, as owners of the real property, the plaintiffs are aggrieved.
Timeliness
A party taking an appeal must do so by commencing service of process within fifteen days from the date that notice of decision was published. Conn. Gen. Stat. Sec. 8-8 (b). The appeal shall be returned to court in the same manner and within the same periods of time as prescribed for civil actions brought to that court. Id. This appeal is timely brought as the Board's decision was published on October 6, 1988 and the defendants were served on October 21, 1988.
Whether the Zoning Board of Appeals' Decision to Reject the Plaintiffs' Appeal was Arbitrary, Capricious or in Abuse of Discretion. CT Page 3718
In their brief, the plaintiff argues that the Board's decision is illegal because (1) their use of their property qualified as a prior nonconforming use; (2) the Board was equitably estopped from rejecting their appeal; and (3) an administrative agency may not reverse its prior decision absent a change or conditions of "other considerations materially affecting the merits of the subject matter have intervened and no vested rights have arisen." These arguments will be addressed- individually.
Prior Non-Conforming Use
Conn. Gen. Stat. Sec. 8-2 governs the municipal adoption of zoning regulations. It provides in pertinent part that "[s]uch regulations shall not prohibit the continuance of any nonconforming use, building, or structure existing at the time of the adoption of such regulations." The plaintiffs' property is located in a zone which is an A-1 residential district. (Defendant's Brief at 2, Plaintiff's Brief at 1). Prior to December 3, 1973 a rooming or lodging house was permitted in an A-1 zone. (Record, Item 1). However, after December 3, 1973, such a use required a special exception. (Record, Item y). The plaintiffs argue that the issuance of the building permit on October 17, 1973 qualifies their use as a prior nonconforming use. The defendant disputes this argument.
To qualify as a prior nonconforming use pursuant to Section 8-2,
 [a use] must meet three conditions precedent. First, it must be lawful and in existence at the time that the regulation making the use a nonconforming use was enacted. . . Second, the nonconforming use must be substantial. . . Third, the use must be known as such in the neighborhood.
Prospect Gardens Convalescent Home, Inc. v. Norwalk,32 Conn. Sup. 214, 222 (C.P. 1975) (citations omitted).
The plaintiffs' use of 735 Main Street cannot qualify as a prior nonconforming use because it was not "in existence", or being used as a rooming or lodging house when the present zoning regulations were adopted on December 3, 1973. Construction of the addition was not completed until June 24, 1974, and a certificate of occupancy was issued on that date. (Complaint para. 4).
For there to be an existing use, there must be an CT Page 3719 actual, not merely contemplated use of the premises. Town of Wallingford v. Roberts, 145 Conn. 682 (1958). Because the addition was not completed until June 24, 1974, the plaintiffs' property could not have been used as a rooming or lodging house until that time.
The plaintiffs also allege that the prior owners use of the property predating 1957 as a rooming house known as "The Somers Inn" also qualifies as a prior nonconforming use). The only evidence of this use is the plaintiffs' allegation at oral argument. There is no evidence on the record to support this allegation. As such, the plaintiffs' claim is without merit. See Massimo v. Planning Commission, 41 Conn. Sup. 196,203 (Super.Ct. 1959) (evidence failed to support claim of prior nonconforming use).
Furthermore, it is claimed that the plaintiffs' use was not known as such in the neighborhood. When they applied for the building permit, they stated that the "addition would not be used for profit." (Record, Item g). They stated that they had a large family and planned to entertain. Id. The plaintiff can derive no benefit from a claimed nonconforming use where it appears that such use was surreptitiously or unobtrusively effected. Prospect Gardens Convalescent Home, Inc. 32 Conn. Sup. at 222 (C.P. 1975). The plaintiffs' use of their property does not qualify as a prior nonconforming use.
Equitable Estoppel
The plaintiffs also claim that the Board was equitably estopped from rejecting the plaintiffs' appeal due to the minor acts of the Zoning Commission.
 An exception to the steadfast rule which states that estoppel may not be invoked against a public agency in the exercise of its governmental functions may arise where the party claiming estoppel would be subjected to a substantial loss if the municipality were permitted to negate the acts of its agents. . .[it] may be invoked only in limited instances and with great caution. . . and when special circumstances make it highly inequitable or oppressive to enforce the regulations . . .to assert a claim of estoppel against a municipality in a zoning matter such as in the present case, the person claiming the estoppel has the burden of proving that he exercised due diligence in ascertaining the legality of the proposed or new use of the premises and that he not only lacked CT Page 3720 knowledge of the true state of things but had no convenient means of acquiring that knowledge.
Greenwich v. Kristoff, 2 Conn. App. 515, 522 (1984), cert. denied, 194 Conn. 807 (1984) (citations omitted).
The holding in Greenwich is particularly applicable because in that case, Kristoff claimed that the town was estopped from enforcing the zoning regulations that would have prohibited his use of his property as a rooming house, because the town building inspector had represented that such a use would be legal.
The court held that the defense of estoppel could not be properly invoked.
The plaintiffs have not satisfied their burden of proving equitable estoppel or due diligence as outlined by the Greenwich court. Furthermore, in order for estoppel to be present the town officials must be "fully aware of the intended use." Zoning Commission v. Lescynski, 188 Conn. 724,735 (1982). The record demonstrates that the requisite awareness does not exist. (Record, Item g).
Whether An Administrative Agency May Reverse Its Prior Decision
 The plaintiffs argue that every administrative agency is ordinarily impotent to reverse itself unless (1) a change of conditions has occurred since its prior decision, or (2) other considerations materially affecting the merits of the subject matter have intervened and no vested rights have arisen.
(Plaintiffs' Brief at 7).
For this proposition of law the plaintiffs cite Sipperly v. Board of Appeals on Zoning, 140 Conn. 164 (1953). However, Sipperly is no longer good law in Connecticut, as it was explicitly overruled by the Connecticut Supreme Court in Fiorilla v. Zoning Board of Appeals, 144 Conn. 275, 279 (1957).
A correct statement of the law is contained in Rocchi v. Zoning Board of Appeals, 157 Conn. 106, 111 (1968). "As a general rule, an administrative tribunal, such as a zoning board of appeals, is not permitted to reverse itself unless a change of circumstances intervenes which materially affects the merits of the case." Rocchi, 157 Conn. at 111. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 367-68 (1988). CT Page 3721
The case at bar does not involve an administrative agency reversing itself. The only action taken by the Somers Zoning Board of Appeals herein was rejecting the Joslows' appeal on October 6, 1988. All prior actions were taken by the Somers Zoning Commission, a separate and distinct entity. The plaintiffs' claim on this issue lacks merit.
CONCLUSION
The Court finds the Board's decision was not arbitrary, capricious or otherwise illegal and plaintiffs' appeal should be dismissed.
Dated at Rockville, Connecticut this 25th day of April, 1991.
Allen W. Smith Judge of the Superior Court