[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' APPEAL
This is an appeal from the action taken by the defendant Plan and Zoning Commission of the Town of Farmington (hereinafter "PZC") on April 21, 1992 in denying the plaintiff Polymer Resources Ltd. (hereinafter "Polymer") a special permit for the operation of manufacturing plastics upon property located at 656 New Britain Avenue in Farmington, Connecticut. The plaintiffs are Polymer, the tenant and operator of a plastics manufacturing plant upon the property, and Leslie M. Klein, the owner of the property and chairman of Polymer. An organization known as The Farmington Residents for a Clean Environment, a coalition of Farmington residents who have come together to prevent industries such as Polymer from polluting the air (hereinafter "FRCE"), submitted an intervention pleading to the PZC pursuant to 22a-19 of the General Statutes, which intervention was granted by the PZC, and has been joined as a defendant in this appeal.
The court Finds that Polymer and Leslie M. Klein are aggrieved parties for purposes of this appeal.
On the basis of the record before the PZC, it is clear to this court that there have been emissions from the Polymer plant and that these emissions have been odorous and troublesome to the neighbors of Polymer. Polymer has been cited by the local Director of Health for the Town of Farmington and the State of Connecticut's Department of Environmental Protection. This issue is not, however, before this court. CT Page 1833 Indeed, it is this court's understanding that the issue of emissions and how those emissions may or may not be affecting the health of the community is being tried before another court. This court has the very narrow, legal question of whether or not the PZC of the Town of Farmington acted legally in arriving at the determination it made on April 21, 1992.
It is clear that the action of the PZC in proceeding as it did in this instance was "somewhat novel." The PZC submitted an application for special permit to itself in March, 1992 on behalf of the plaintiffs herein and gave notice to the plaintiffs by letter dated March 17, 1992 of a public hearing to be held by the commission on April 6, 1992. Notice of a public hearing was made in the Farmington News on March 26 and April 2, 1992.
At the public hearing held on April 6, 1992, the plaintiffs appeared by their attorney as did town officials and neighbors of the plaintiffs. The town officials and the neighbors, including the FRCE, were in opposition to the special permit application.
This is an appeal pursuant to the provisions of 8-8
of the General Statutes. On a zoning appeal, the court's review of the action taken by the zoning authority is limited to a determination of whether its decision was unreasonable, arbitrary or illegal. Schwartz v. Planning Zoning Commission,208 Conn. 152 (1988). The court cannot substitute its judgment for that of the local zoning authority wherein it appears that an honest judgment has been reasonably and fairly exercised after a full hearing and, in such circumstances, the trial court must be cautious about disturbing the authority's decision. Raybestos-Manhattan, Inc. v. Planning Zoning Commission,186 Conn. 466, 469 (1982). Plaintiffs have the burden of proof to demonstrate that the Commission acted improperly. Adolphson v. Board of Zoning Appeals, 205 Conn. 703, 707 (1988). The question upon judicial review is not whether this court would have reached the same conclusion, but whether the record supports the decision made by the commission. Burnham v. Planning Zoning Commission, 189 Conn. 261, 265 (1983).
It is the plaintiffs' position that a special permit issued to their predecessor in title and that they succeeded to that interest. It is the defendant PZC's position that no public hearing was held on the special permit and that a public CT Page 1834 hearing can be held if the zoning regulations are now being violated. The plaintiffs' position is that this is an nonpermissible review of a prior approval. The PZC argues that it had concluded in 1989 that a hearing on a special permit was not required because it was supplied with gross misrepresentations.
On November 21, 1988, the commission granted Paul and Salvatore DiTomasso a special permit and site plan approval for the property at 656 New Britain Avenue. On December 4, 1989, the commission voted on the modification of that special permit for the property upon an application of Century Development, agent for Klein and Polymer. The commission approved the site plan modifications to the November 21, 1988 approval for additions at the property subject to certain conditions. The action on the original application on November 21, 1988 included approval for a special permit for manufacturing.
Based upon the approval Century Development received in December, 1989, Klein purchased the subject property and relocated his business. He commenced his manufacturing and warehouse use in the late spring and early summer of 1990.
It is the plaintiff's contention: first that the PZC exceeded its authority as provided by 8-2 of the General Statutes by submitting on behalf of Klein and Polymer an application for a special permit to permit a manufacturing use at the subject property when the PZC had previously approved such manufacturing use in 1988; second, that the PZC exceeded its authority by shifting the burden of proof concerning any alleged zoning violation from the municipal zoning enforcement officer to Klein in direct conflict with both 8-2 and 8-12 of the General Statutes; and, third, that the record does not reasonably support the PZC's reversal of its 1988 approval of a special permit for manufacturing at this site. The court agrees with the plaintiffs first and second contentions.
On November 21, 1988, the PZC approved this site for manufacturing purposes. Its action on April 21, 1992 constituted a reversal of that decision. Its claim that the alleged gross misrepresentation by agents for Polymer and Klein required a hearing on the original special permit is truly a novel idea. The commission acted contrary to its own regulations in that it submitted no application, no sign was posted upon the subject property and no consent was obtained from the property owner. Nowhere in 8-2 of the General CT Page 1835 Statutes is there authority for the PZC to submit an application for a special permit.
Section 8-3(e) of the General Statutes provides as follows:
 The zoning commission shall provide for the manner in which the zoning regulations shall be enforced.
The Town of Farmington Zoning Regulations provide in Article V, Section 3, that the zoning regulations ". . . shall he enforced by the Planning Director or his agent acting as the Zoning Enforcement Officer. . . ." Section 8-12 of the General Statutes ". . . provides local zoning enforcement officers with a means to enforce local zoning laws." Planning Zoning Commission v. Campanelli, 9 Conn. App. 534, 536 (1987). The proper remedy in this case was for the Zoning Enforcement Officer to order in writing the remedying of any condition found to exist in violation of the regulations or to institute appropriate action to restrain, correct or abate such claimed violation of the regulations.
The plaintiffs, in reliance upon the action of the Commission, built an addition to the building upon the subject property, erected the structures in accordance with the conditions set by the PZC and commenced manufacturing operations which continued for close to two years before the action taken by the PZC to revoke its special permit.
It is well established zoning law that when a commission or board seeks to reverses prior decision, it may not do so unless the facts and circumstances which resulted in the decision have sufficiently changed to materially affect the reason which produced and supported the decision and no vested rights have intervened. Laurel Beach Assn. v. Zoning Board of Appeals of Milford, 166 Conn. 385, 387 (1974); Hoffman v. Kelly,138 Conn. 614, 616-17 (1952); St. Patrick's Church v. Daniels,113 Conn. 132, 139 (1931). While the defendant commission argues that "the facts and circumstances which resulted in its original decision have sufficiently changed to materially affect the reason which produced and supported this decision," vested rights have intervened.
While the case is distinguishable on its facts, CT Page 1836 nevertheless the reasoning of our Supreme Court in the case of Joseph Mason v. Board of Zoning Appeals of the City of Bridgeport, 143 Conn. 634 (1956) is applicable in this situation. There the court said, at page 638:
 However, when a business has been launched and continuously operated on a site officially declared suitable by a zoning board of appeals, the status of suitability should normally continue. This conforms to the rule of law that, after an administrative agency has made a decision relating to the use of real property, it is ordinarily powerless to reverse itself, although it may do so if a change in circumstances has occurred since its prior decision, or other considerations materially affecting the merits of the subject matter have intervened and no vested rights have arisen. Hoffman v. Kelly, 138 Conn. 614, 616, 88 A.2d 382. Since there is nothing in the record to show any change of circumstances or the intervention of other considerations, the defendant acted illegally in reversing itself.
As in Mason, this court, too, concludes that the commission acted illegally.
In their complaint, more particularly paragraphs 8c through g, the plaintiffs have raised certain constitutional issues. Issues raised in the appeal but not briefed by the plaintiffs are considered abandoned. Shaw v. Planning Commission of Southbury, 5 Conn. App. 520, 525 (1985).
The appeal of the plaintiffs is sustained and the action of the PZC on April 21, 1992 is void.
EDGAR W. BASSICK, III, JUDGE CT Page 1837