CARLTON T. BISHOP ET AL. *v.* BOARD OF ZONING APPEALS OF THE CITY OF NEW HAVEN ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 2—decided May 9, 1947

*Charles M. Lyman,* with whom, on the brief, was *Joseph Weiner,* for the appellants (plaintiffs).

*Charles Henchel,* with whom, on the brief, was *Harold E. Alprovis,* for the appellee (defendant The Alden Realty Co.); and, on the brief, *George Di-*

*Cenzo, William L. Beers* and *Alfred Celentano,* for the appellee (named defendant).

ELLS, J. The board of zoning appeals of the city of New Haven granted permission to a property owner to extend a business use into an adjacent residence area. The plaintiffs, who are neighboring property owners, appealed to the Court of Common Pleas, it dismissed the appeal, and they have appealed to this court.

The business property is a building having a frontage of seventy-five feet on the east side of Alden Avenue and one hundred and forty-four feet on the north side of West Elm Street. It contains four stores on the ground floor on Alden Avenue, two dwelling apartments on the second floor, three stores fronting on West Elm Street, and a four-car garage. The building was being used for business purposes prior to and at the time that the New Haven zoning ordinance became effective in 1929. Under the ordinance it was placed and still is in a business A zone, and it is the only area in a residential district of considerable size that was zoned as business A. In 1927 the owners acquired the property adjoining the Alden Avenue stores on the north. There is a two-family dwelling house thereon, the southerly side of which is about thirty-five feet north of the northerly line of the store building. The land between the buildings is a vacant yard. The action of the board in effect extended the business A zone an average distance of about twenty-four feet into the yard of the residence property, zoned as residence B. No additional stores were permitted, but the space of the existing stores was increased. There were to be no structural changes in any building located in the residence zone.

The trial court did not quote all of the numbered paragraphs of § 1033 of the Zoning Ordinance of the City of New Haven (October, 1941) in its finding. They appear in an exhibit made a part of it. We have corrected the finding so as to include them. A further correction sought by the plaintiffs is not warranted.

The applicable section of the zoning ordinance of the city is § 1033 and is printed in full in the footnote.[1] The application made by the owners was for an "extension of existing building into adjacent property, owned by the appellant also, in accordance with Section 1033, paragraphs 1 & 3," and stated that a building permit had been refused and that under the

[1] Sec. 1033. Board of Zoning Appeals. The Board of Zoning Appeals may in appropriate cases, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purpose and intent as follows:

1. Permit the extension of an existing commercial or industrial establishment in any district.

2. Permit such non-conforming uses by any industrial establishment as may be necessary to adapt its plant or any part thereof to different or improved processes of manufacture or production.

3. Permit the extension of an existing or proposed building into a more restricted district.

4. Permit a public utility building in any district.

5. Grant in undeveloped sections of the city temporary and conditional permits for not more than two years for structures and uses in contravention of the requirements of this Ordinance.

6. Permit in any district the erection of a community or public garage, provided the petitioner files the consents duly acknowledged of the owners of the 80% of the frontage deemed by the Board of Zoning Appeals to be immediately affected by the proposed garage.

7. Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of any provision of this Ordinance, or where the effect of the application of the Ordinance is arbitrary, the Board of Zoning Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done.

ordinance the zoning board's permission was required. A public hearing was held after due notice and ultimately permission was granted, subject to certain limitations.

The plaintiffs contend that the original zoning of the locus whereby the corner property was classified as business A was invalid, and that the locus must be considered as a nonconforming use. The basis of the claim is that the enabling act by which the ordinance was authorized (19 Spec. Laws 1006, § 2) provides that the zoning regulations "shall be made in accordance with a comprehensive plan" and that, the plan adopted was not "comprehensive" within that requirement. The quoted language must be read in connection with an additional provision contained in § 2: "Such regulations shall be made with reasonable consideration, as to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality." A "comprehensive plan" means "a general plan to control and direct the use and development of property in a municipality or a large part of it by dividing it into districts according to the present and potential use of the properties." *State ex rel. Spiros* v. *Payne,* 131 Conn. 647, 652, 41 A.2d 908. The city adopted such a plan. To permit business in a small area within a residence zone may fall within its scope, and to do so, unless it amounts to unreasonable or arbitrary action, is not unlawful. Upon this record nothing appears to show that the zoning authority exceeded its powers as regards the property in question. See *Smith* v. *Collison,* 119 Cal. App. 180, 186, 6 P.2d 277.

The next question is whether the enabling act au-

thorized the city to confer upon the board of appeals the powers granted by § 1033. The ordinance must rest primarily upon the enabling act and must not go beyond the power delegated by it. Section 1 (19 Spec. Laws 1006) authorizes the board of aldermen to enact zoning regulations and states that "Such regulations may provide that a board of appeals may determine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules therein contained." The plaintiffs contend that § 1033 does not contain general or specific rules. It contains the same general rules provided for in the enabling act, in substantially the same language, and in addition provides that the board shall act only after public notice and hearing and subject to appropriate conditions and safeguards, and only in one of the situations described in the numbered paragraphs. The provisions of the ordinance reasonably are within the authority delegated to the city. A further claim is that the board has changed or altered a zoning district and that this may be done only by ordinance. What the board did was to extend a business use in a business zone a few feet into a residence zone, as it was authorized to do by the provision of § 1033. See *People ex rel. Fordham Manor Reformed Church* v. *Walsh,* 244 N.Y. 280, 287, 155 N.E. 575. As the board did not make any change in a zoning district, it was under no duty to state its reasons for the action it took; *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 178, 171 A. 26; and consequently its failure specifically to find the facts upon which it based its order does not invalidate its decision. Its powers are and should be limited, but specific authority is granted in some cases where no other means of accom-

plishing the purposes of zoning exists, and this case provides one of the limited examples where that power may be applied.

The plaintiffs' main claim relates to the construction to be accorded to § 1033. The trial court concluded that the permission granted was within the power of the defendant board under paragraph 3 and that the hardship provision contained in paragraph 7 did not govern the case. The finding on this appeal does not state that difficulty or hardship existed, and no subordinate facts are found from which such existence reasonably could be found. The plaintiffs contend, however, that the vote of the board included a finding of hardship as one of the principal bases of its order. All that the record contains is the statement of one member of the board that unless the petition were granted "a truly practical difficulty and unnecessary hardship" would result. In determining whether the board should exercise its discretion under paragraphs 1 and 3, the fact that otherwise hardship and difficulty would result would be a proper, though not necessary, consideration; and that one member mentioned that fact does not show this to be the basis of the action by the board. *Thayer* v. *Board of Appeals,* 114 Conn. 15, 20, 157 A. 273; *Grady* v. *Katz,* 124 Conn. 525, 531, 1 A.2d 137. The application was based specifically on paragraphs 1 and 3 of the ordinance; and it is to be assumed that the board in granting it acted under those paragraphs. See *Perdue* v. *Zoning Board of Appeals,* supra.

This conclusion clears the way for a discussion of the plaintiffs' contention that paragraph 7 controls the action of the board and that it cannot exercise the powers granted to it by the first six paragraphs

unless it finds that the conditions required by paragraph 7 are found to exist, that is, justification because of "practical difficulties or unnecessary hardships." It is a reasonable supposition that if paragraph 7 was intended to be the controlling factor it would have been so stated. It contains no language that will support even an inference that it is to control the other paragraphs. It is especially apparent that the powers given in paragraphs 4, 5 and 6 are not contingent upon hardship. The first six paragraphs give the board powers to vary the application of the regulations in specific and defined instances, subject always to the fundamental principle that the change must be in harmony with the general purpose and intent of the zoning law; *Kamerman* v. *LeRoy,* 133 Conn. 232, 235, 50 A.2d 175; paragraph 7 is designed to cover all provisions of the ordinance not specified in the first six paragraphs where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these provisions, or where the effect of the application of the ordinance is arbitrary.

The plaintiffs do not cite any authority in support of their position. The trial court relied in part upon *Corden* v. *Zoning Board of Appeals,* 131 Conn. 654, 41 A.2d 912. There is a substantial difference in the plan and language of the ordinance there considered, but we said (p. 664) that the board of zoning appeals, in permitting an extension of use for twenty-five feet across a zone boundary under a section of the ordinance which did not contain the hardship provision, exercised a discretion which was not restricted by later paragraphs based on hardship, and that circumstances which might properly lead to a decision that its action could not be sustained under the latter pro-

vision might not lead to the same conclusion as regards the former. See also *St. John's Roman Catholic Church* v. *Board of Adjustment,* 125 Conn. 714, 722, 8 A.2d 1; *Matter of Reed* v. *Board of Standards & Appeals,* 255 N.Y. 126, 134, 174 N.E. 301. Our conclusion is that paragraph 7 does not govern the present case.

The final claim is that even if the trial court was right in holding that the board had authority to grant a variance under the language of paragraph 3, read in connection with the preamble, its action was legally unjustified. We have often stated that a board of zoning appeals is created to keep the law "running on an even keel" by varying, within prescribed limits and consonant with the exercise of a legal discretion, the strict letter of the zoning law, in cases of claims having real merit which can be granted consistently with the spirit and purposes of the general plan. *St. John's Roman Catholic Church* v. *Board of Adjustment,* supra, 723, and cases cited. Section 1033 provides that the board "may in appropriate cases, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the application of the zoning regulations herein established in harmony with their general purpose and intent as follows. . . . 3. Permit the extension of an existing or proposed building into a more restricted district." The minutes of the board show that the petition received careful consideration at several hearings and meetings, and the court's finding contains facts as to the character and use of the locus and the surrounding area which reasonably warranted the slight extension of business use which was granted. The trial court could direct a judgment for the plaintiffs only where, upon the facts found

by it and assumed to be before the board, the only reasonable conclusion would be that the extension should not have been granted. *Colonial Beacon Oil Co.* v. *Zoning Board of Appeals,* 128 Conn. 351, 355, 23 A.2d 151. The court's conclusions that the decision of this board was not contrary to but was in harmony with the general purpose and intent of the zoning statute and ordinance, and that the board did not act arbitrarily or in abuse of its discretion, reasonably cannot be disturbed. When the restricted nature of the relief possible under paragraphs 1 and 3 is considered, the requirement that any extension of use must be in harmony with the general purpose and intent of the ordinances sets up a sufficient primary standard and intelligible principle for action by the board with all the certainty requisite; *State* v. *Stoddard,* 126 Conn. 623, 628, 13 A.2d 586; see *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 560, 53 A.2d 655; the situation is very different from that before us in *Keating* v. *Patterson,* 132 Conn. 210, 216, 43 A.2d 659, where we held invalid a provision in a zoning ordinance forbidding the use of premises in certain zones as a package store for the sale of alcoholic beverages until the zoning board of appeals had issued a certificate of approval, even if that power were qualified by the statement of the purpose of the ordinance, to promote the health, safety, morals and general welfare of the community. The requirement governing an extension of use in the present case is expressed with such degree of certainty as the nature of the case permits. The general purpose and intent of the zoning ordinances are plain. The trial court has concluded upon sufficient subordinate facts that the granting of the application was not contrary to

but was in harmony with the general purpose and intent of the zoning statute and ordinance.

There is no error.

In this opinion the other judges concurred.