ROLAND S. SPENCER ET AL. *v.* BOARD OF ZONING APPEALS OF THE CITY OF NEW HAVEN ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued February 2—decided March 31, 1954

*William L. Beers* and *Charles Henchel,* with whom, on the brief, was *Alfred F. Celentano,* for the appellants (defendants).

*Norton M. Levine,* with whom, on the brief, was *David S. Korn,* for the appellees (plaintiffs).

BALDWIN, J. This is an appeal from a judgment of the Court of Common Pleas sustaining an appeal from the granting of a variance by the board of zoning appeals of New Haven.

The record discloses the following situation: In 1947, Mrs. Alice K. Toole owned two properties, known as 413-419 Whalley Avenue and 276 Norton Street, in New Haven. The rear portion of the Whalley Avenue property adjoined the rear of the Norton Street property. The Whalley Avenue property was in a business A zone and there were two dwelling houses located on it. The Norton Street property was in a residence B zone and included a dwelling house. In 1949, Mrs. Toole applied to the board of zoning appeals for a variance to permit the use of the Norton Street property for business purposes incidental to the Whalley Avenue property, both of which Mrs. Toole intended to sell to persons proposing to erect a supermarket on Whalley Avenue. At that time, the dwelling houses on both properties had been razed. The board denied the application upon the ground that no undue hardship existed. Mrs. Toole appealed to the Court of Common Pleas, which sustained the board. *Toole* v. *Board of Zoning Appeals,* Court of Common Pleas, New Haven County, No. 42881 (November 16, 1950). Thereafter, Mrs. Toole sold the properties and the defendants William Shore and James Bruno acquired title to them. In January or February, 1951, Shore and Bruno began the construction on the Whalley Avenue property of a building designed to be used for a supermarket. On May 11, 1951, they applied for a variance to permit the use of the Nor-

ton Street property for any one of the following purposes: (1) as an unrestricted use; (2) as a means of exit from the rear of the Whalley Avenue property, with a right to park cars upon the premises; (3) to park cars without access to Norton Street. They based their application on grounds of practical difficulty or unnecessary hardship.

The board concluded that the land in the rear of the Whalley Avenue property was unsuitable and inadequate for parking cars and that to deny the application to use the Norton Street property would impose an unnecessary hardship. It concluded further that since the denial of Mrs. Toole's application there had been a material change in conditions in that a supermarket was actually under construction and, with another supermarket about to open a block and a half away, there would be a tendency to increase the demand for parking space on Whalley Avenue. The board granted permission to the defendants Shore and Bruno to use the Norton Street property for parking provided a fence was erected to prevent vehicles from passing directly to and from Norton Street and shrubbery was set along Norton Street and along the line of the adjoining residential property. The plaintiffs appeared at the hearing, opposed the application, and appealed from the board's action to the Court of Common Pleas, which sustained their appeal.

The defendants claim that the action of the board was justified as being within the powers conferred upon it by § 1033 of the New Haven zoning ordinance (1949), the pertinent portions of which are set forth in a footnote.[1] The trial court concluded, with reference to the claim based upon hardship,

---

[1] "Sec. 1033. BOARD OF ZONING APPEALS. The Board of Zoning Appeals may in appropriate cases, after public notice and hearing

that there were no new facts or circumstances in the record to justify the reversal by the board of the action it took on Mrs. Toole's application in 1949. It concluded further that subsections (1) and (3) of § 1033 of the ordinance were not applicable.

A board of zoning appeals may exercise a liberal discretion in deciding, upon a new application, whether to reverse its earlier decision. *Sipperley* v. *Board of Appeals on Zoning,* 140 Conn. 164, 166, 98 A.2d 907; *Torello* v. *Board of Zoning Appeals,* 127 Conn. 307, 311, 16 A.2d 591. Its decision is subject to judicial review upon the question whether it has exercised its discretion in a reasonable and legal way and upon evidence which fairly sustains its action. *Sipperley* v. *Board of Appeals on Zoning,* supra; *Hoffman* v. *Kelly,* 138 Conn. 614, 617, 88 A.2d 382; *Dadukian* v. *Zoning Board of Appeals,* 135 Conn. 706, 711, 68 A.2d 123; *Rommell* v. *Walsh,* 127 Conn. 272, 277, 16 A.2d 483; *Burr* v. *Rago,* 120 Conn. 287, 292, 180 A. 444; *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 137, 154 A. 343. We have recently stated the rule to be that "every administrative agency is ordinarily impotent

and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purpose and intent as follows:

"1. Permit the extension of an existing commercial or industrial establishment in any district.

.        .        .        .        .

"3. Permit the extension of an existing or proposed building into a more restricted district.

.        .        .        .        .

"7. Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of any provision of this Ordinance, or where the effect of the application of the Ordinance is arbitrary, the Board of Zoning Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done."

to reverse itself unless (1) a change of conditions has occurred since its prior decision or (2) other considerations materially affecting the merits of the subject matter have intervened and no vested rights have arisen." *Sipperley* v. *Board of Appeals on Zoning,* supra, 167.

The use to which Shore and Bruno proposed to put the Norton Street property was a business use incidental to the business use of the Whalley Avenue property. The minutes of the board stated that "new and additional facts appeared showing a change of conditions materially affecting the merits, in that the purposes sought are different and varied and a super market is in actual construction and the amount of parking space in the rear of said market is visible and another super market, a block and a half away, is about to open, which would tend to increase the need for parking space on Whalley Avenue." Shore and Bruno purchased the property and proceeded to construct a building to house a supermarket in the face of the fact that the board, only a short time before, had refused to permit a business use on the Norton Street property. The new and additional facts were their own creation. See *Celentano* v. *Zoning Board of Appeals,* 136 Conn. 584, 587, 73 A.2d 101. The application and the evidence to support it, as they are addressed to the section of the ordinance which permits the granting of a variance upon the basis of hardship, are not essentially different from the application and the evidence previously presented by Mrs. Toole and denied by the board. The court was correct in holding that the evidence was insufficient to justify the board's reversal of its prior decision.

The defendants also claim that the action of the board can be predicated upon subsection (1) of § 1033

of the ordinance, which permits "the extension of an existing commercial or industrial establishment in any district." Factually, there was no "existing commercial or industrial establishment" on the Whalley Avenue property at the time the application was heard. The building was under construction and the supermarket had never been in operation. See *Brett* v. *Building Commissioner,* 250 Mass. 73, 81, 145 N.E. 269; *Chayt* v. *Board of Zoning Appeals,* 177 Md. 426, 434, 9 A.2d 747. Moreover, the subsection relied upon is not applicable for another reason. The Whalley Avenue property is in a business A zone while the Norton Street property is in a residence B zone. If the supermarket had been in existence in the business zone on Whalley Avenue, its extension by the addition of a parking lot located adjacent to it but entirely within a residence zone would amount to the creation of a nonconforming use in a residence zone. The subsection speaks of an extension "in any district," not "into any district." It does not apply to the extension of a use, permitted in one zone, across a zone boundary into another zone where that use is prohibited. That this is so is clearly indicated by subsection (3), which permits the "extension of an existing or proposed building into a more restricted district." It demonstrates an intention to limit the extension of a use, into a zone where it is prohibited, to the enlargement of a building. See *Bishop* v. *Board of Zoning Appeals,* 133 Conn. 614, 619, 53 A.2d 659. The defendants' claim lacks merit.

The defendants assert that their application is within the provisions of subsection (3) of § 1033, recited above. The facts are against them. The improvement of the Norton Street property for use as a parking area in connection with a supermarket on the Whalley Avenue property can hardly be de-

scribed as an extension of an existing or proposed building. Webster defines the word "building" as "a fabric or edifice, framed or constructed, designed to stand more or less permanently, and covering a space of land, for use as a dwelling, storehouse, factory, shelter for beasts, or some other useful purpose." Webster's New International Dictionary (2d Ed.); *Katsoff* v. *Lucertini,* 141 Conn. 74, 77, 103 A.2d 812; *Middlesex Theatre, Inc.* v. *Hickey,* 128 Conn. 20, 24, 20 A.2d 412. The case of *Bishop* v. *Board of Zoning Appeals,* 133 Conn. 614, 53 A.2d 659, relied upon by the defendants, concerned the enlargement of an existing building and therefore is distinguishable on its facts.

The defendants press a further claim that the trial court erred in receiving evidence from a real estate expert, who testified that the property at 276 Norton Street had value for residential purposes and that its use for parking automobiles would depreciate the value of nearby residential properties on that street. No exception to the admission of this testimony was taken, as required by the rule. Practice Book § 155. The defendants, however, urge their claim on the ground that the court made a finding of fact based upon this testimony contrary to that made by the board. By so doing, they argue, the court substituted its discretion for that of the board. If the court was in error in receiving this evidence, it was harmless. The evidence was relevant to the issue of undue hardship. The decision of this case is based upon the proposition that the board was precluded from reversing its former decision.

There is no error.

In this opinion the other judges concurred.