[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the defendant Colchester Historic District Commission's (hereinafter referred to as "Commission") denial of two applications for certificates of appropriateness. The plaintiffs are Jack's Chevrolet-Oldsmobile-Pontiac, Inc. (hereinafter referred to as "Jack's Chevrolet") and Frank L. Collins.
The plaintiff Jack's Chevrolet operates an automotive dealership at 11 South Main Street (Route 85) in Colchester, Connecticut, which premises are owned by the plaintiff Frank Collins. In front of the automobile dealership CT Page 4763 is a strip of land approximately 45 feet wide with 265 feet of frontage along South Main Street, a state highway. The State of Connecticut owns this strip of land. The dealership land and the strip of land to its front are located within the Colchester Historic District.
On November 30, 1987, the plaintiffs applied to the defendant Commission for two certificates of appropriateness (as provided for in Connecticut General Statutes Section7-147d) to: (1) park cars on the aforesaid strip of land (ROR Item 9); and (2) construct parking islands on the strip of land (ROR Item 8). On March 24, 1988, the defendant Commission denied both applications. (ROR Item 13.) The plaintiffs appeal from that decision.
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created that right. Simko v. ZBA, 206 Conn. 374, 377 (1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id. Section 7-147i
provides in pertinent part that:
 Any person or persons severally or jointly aggrieved by any decision of the historic district commission or of any officer thereof may, within fifteen days from the date when such decision was rendered, take an appeal to the superior court. . . . Procedure upon such appeal shall be the same as that defined in section 8-8.
The procedure for appeals from historic district commissions is the same as the procedure for appeals from zoning boards. Figarsky v. Historic District Commission,171 Conn. 198, 202 (1976).
Aggrievement is a prerequisite to maintaining an appeal. See Smith v. PZB, 203 Conn. 317, 321 (1987). Proof of aggrievement is a prerequisite to the court's subject matter jurisdiction over the appeal. Hughes v. PZC, 156 Conn. 505,509 (1968). Unless the plaintiff alleges and proves aggrievement, his appeal must be dismissed. Fuller v. PZC,21 Conn. App. 340, 343 (1990). In order to be aggrieved one must have a specific, personal and legal interest in the subject matter of the agency's decision; one must also be specially and injuriously affected as regards property or other legal rights. Smith, 203 Conn. at 321. See also Primerica v. PZC,211 Conn. 85, 93 (1989). CT Page 4764
This Court, Walsh, J., initially determined that the plaintiff Frank Collins had not proven that he was aggrieved. Thereafter, plaintiffs moved to reopen judgment. This Court, Walsh, J., granted the plaintiffs' motion to reopen on March 21, 1991.
Aggrieved persons may appeal "within fifteen days from the date when the decision was rendered. . . ." Connecticut General Statutes Section 7-147; (rev'd to 1989). "(A) decision is not `rendered' under Section 7-147; until written notice thereof is given to the applicant under Section 7-147e," which "makes clear that a historic district commission is required to `pass upon such application and shall give written notice of its decision to the applicant.'" Carroll v. Roxbury Historic District Commission, 29 Conn. Sup. 77, 78 (C.P. 1970).
In the instant case, the Commission sent via certified mail, a letter of its decision rendered at its meeting held on March 24, 1988, which denied both applications for certificates of appropriateness. The Court notes that a copy of this letter is included in the file along with a copy of a postal domestic return receipt, with signature and the date of delivery of March 29, 1988. However, these copies are not officially listed as items in the Return of Record. The defendants were served on April 9, 1988. The plaintiffs' appeal is timely.
Pursuant to Connecticut General Statutes Section8-8 (e), the Court, Walsh, J., referred this matter to Attorney Trial Referee Robert I. Reardon for the purpose of recreating a record of the public hearing which was held by the Commission in March of 1988, because of the absence of a tape or transcript of the hearing. See Stipulation of Parties in Transcript dated August 15, 1989, p. 3.
The plaintiffs' main argument is based on the following series of events:
Defendants' Exhibit No. 5, a letter dated November 19, 1986, from Chairperson Joanna Liverant to Mr. Skip Collins of Jack's Auto Sales, reflects that the Colchester Historic District was concerned that the plaintiffs' demolition, current construction and parking at Jack's Auto Sales may not be in keeping with the regulations of the Commission. The Commission, by letter, requested the plaintiff to meet with the Commission at its next meeting held on Monday, December 8, 1986 to discuss plaintiffs' proposed plans. CT Page 4765
Plaintiffs' Exhibit B, which is an unsigned letter from Chairperson Joanna Liverant to Mr. Collins of Jack's Auto Sales dated December 9, 1986 states that:
 We would like to thank you for attending our December 8, 1986 meeting. We feel that strict adherence to Section 7-147d of the Municipalities General Provisions of the Connecticut General Statues (sic) would result in exceptional practical difficulty because of the nature of your business. The nature of your business is the only one of its kind in an historic district and has been in the area for the past 50 years. It is such that it requires a special parking area to show your cars and consideration circumvents exceptional practical difficulty and unde (sic) hardship on you. The Commission would like to relieve you of such undue hardship. Because of this, we are modifying strict adherence to the General Provisions. Id.
Plaintiffs' Exhibit C, which is a letter from Ms. Liverant, Chairperson, signed as such and dated December 11, 1986, states the following:
 Thank you so much for taking the time to attend the December 8th meeting of the Colchester Historic District Commission. We appreciate your courtesy in sharing your plans for Jack's Auto Sales and for your concern with the continued well being of the District. The Historic District Commission would like to inform you of our decision that strict application of provision of sections 7-147a to 7-147k
could result in exceptional practical difficulty or undue hardship to your business. In passing upon your plans the Commission interprets them to be in harmony with the general purpose and intent of said sections so that the overall character of the district shall be conserved.
Id.
Subsequent to the above letters, the Commission CT Page 4766 mailed an additional letter to Mr. Collins, marked No. 10, dated March 16, 1987 from Ms. Liverant, Chairperson, which states that:
 (u)pon investigation, our Historic District Commission has found that Jack's Auto Sales does not hold a lease for the land in front of Jack's Chevrolet.
 We must rescind our decision stated in our letter of December 11, 1986 and request that you fill out the enclosed Application for Certificate of Appropriateness.
Id. Additionally, Ms. Liverant, Chairperson, forwarded a letter dated May 19, 1987 to Mr. Collins regarding an application for certificate of appropriateness. The Commission required the plaintiff Jack's Auto Sales to submit an application for certification of appropriateness for proposed parking on state owned land.
The plaintiffs subsequently submitted two applications for certificates of appropriateness, one for parking, the other for installation of an island with curbing, shrubs and wood chips to be installed in front of Jack's Chevrolet. Plaintiffs' Exhibit A. Both applications were subsequently rejected on the basis that the plans were "Inappropriate to Historic District." Plaintiffs' Exhibit A and D.
The plaintiffs contend in their brief dated October 21, 1988, that "(t)he Commission, having considered the question of appropriateness of use and variations of the requirements of Connecticut General Statutes Sections 7-147a-k and having made determinations pursuant thereto, notifying the plaintiff of such determinations, it was improper for the Commission to thereafter reverse this determination in the absence of some significant change in circumstance (citing) Spencer v. New Haven Board of Zoning Appeals, (1954) 141 Conn. 155,104 A.2d 373." Id. at pp. 6-7 (cite in original).
Plaintiffs further claim in a brief dated June 20, 1990, that "the Commission had a subsequent change of attitude, apparently as a result of some members of the Commission not having realized previously that a formal lease of the strip of land had not yet been signed between the State of Connecticut and plaintiffs as of the date of the Commission's December 8, 1986 meeting. (Although, in fact, the formal lease had not then been executed, the map prepared by CT Page 4767 D.O.T. in October 1986 (ROR No. 10) indicates that the State had committed itself to leasing this strip to the plaintiffs)." Id at pp. 9-10.
Therefore, plaintiffs claim that the Commission, having considered the question of appropriateness of use and variations of the requirements of Connecticut General Statutes Sections 7-147a-k, and having made determinations pursuant thereto, was without authority to thereafter reverse this determination in the absence of some significant change in circumstance. Plaintiffs cite to Hoffman v. Kelly, et al,138 Conn. 614 (1952) and Spencer v. New Haven ZBA, 141 Conn. 155,104 A.2d 373 (1954) for the above-stated proposition regarding reversal without authority in the absence of some significant change in circumstance. The defendant contends in its brief, p. 3, that because the plaintiff did not appeal from the defendant Commission's decision to rescind its former finding of hardship, plaintiffs cannot now challenge that determination.
The procedures established by Connecticut General Statutes Sections 7-147d and 7-147e require that a certificate of appropriateness be submitted to the Commission for its consideration and approval. The above statutes set out the procedures for application for certificate, hearing and approval by the Commission.
The decision which plaintiffs purport to rely on was not rendered in compliance with the procedures mandated by the statutes. To obtain a certificate of appropriateness or a variance or modification on the basis of hardship, the statutes require one to apply for a certificate of appropriateness and require the Commission to hold a public hearing, properly held and noticed in accordance with the law. Connecticut General Statutes Sections 7-147e(a), 7-147g (rev'd to 1989). In the instant case, no application for certificate of appropriateness was submitted. The plaintiff appeared at the Commission's December 8, 1986 meeting as a courtesy. (Plaintiff's Exhibits B, C.) The exhibits do not refer to a public hearing but a "meeting." (Id.) The initial "decision" is void and cannot be relied upon by the plaintiffs.
This appeal involves a determination by this Court as to whether the Commission has acted illegally, arbitrarily or in abuse of its discretion in denying both of plaintiffs' applications for certificates of appropriateness.
The Commission rejected both of plaintiffs' applications for certificates of appropriateness on the basis that it was "Inappropriate to Historic District." Plaintiffs' CT Page 4768 Exhibits A and D.
A letter dated March 25, 1988 to Mr. Collins from Ms. Liverant, Chairperson, reflects that both applications were denied by the Commission at its meeting held on March 24, 1988 because the proposed uses were not suitable for an historic district.
Connecticut General Statutes Section 7-147f lists the factors which the Commission must consider in order to determine appropriateness. That statute states in relevant part that:
"In passing upon appropriateness as to parking, the Commission shall take into consideration the size of such parking area, the visibility of cars parked therein, the closeness of such area to adjacent buildings and other similar factor." Id.
The record reveals that the parking and displaying of automobiles on the subject strip of land in front of Jack's Chevrolet and the use of this certain area as commercial parking has occurred for many years. (See Plaintiffs' Exhibits B and C and Transcript of hearing held before Attorney Trial Referee Robert I. Reardon, Jr., pp. 122-124.) The plaintiffs, in applying for "Certificates of Appropriateness," as requested by the Commission (Exhibit No. 10, letter from Ms. Liverant dated March 16, 1987) were, in effect, asking the Commission to approve as appropriate the use of the subject strip of land which has been used for many, many years prior to the creation of the Historic District. The fact that the strip has been used for parking without express authorization or approval from the State of Connecticut, the owner of the strip of land (ROR #4), is in no way probative. This is especially true when there is no indication or basis to believe that the State of Connecticut disapproved of such use. When required to do so, in order to provide itself and himself with standing and rights to continue to do what had been done for many years, the plaintiffs proceeded to obtain a written lease. The plaintiffs now have a written lease beginning June 1, 1990 for a five-year period. See Memorandum of Decision dated March 20, 1991 re: Motion to Reopen. There is no question that the plaintiffs now have vested rights in and to the Connecticut strip of land.
The only reason that plaintiffs are required to come before the Commission is that plaintiffs are bettering the existing site, in effect making the island more appropriate.
One cannot reasonably conclude that what the CT Page 4769 plaintiffs were attempting to do with the site in question would in any way make the use and/or its appearance less appropriate. Additionally, the record does not support such a determination. There does not appear to be any disagreement that what was being proposed was an improvement for safety purposes, use and appearance. If anything, it would be a positive move to making the site more appropriate.
The hearing transcript before Attorney Trial Referee Reardon and the exhibits do not reveal that an expansion of use was being proposed. The Commission, in effect, is saying that, what plaintiffs have been doing on this piece of property for well over 20 years, is no longer an appropriate use of the subject property because of the creation of an Historic District and plaintiffs' desire to make improvements.
Accordingly, this Court finds that the defendant Historic District Commission has acted illegally, arbitrarily and in abuse of its discretion in denying the plaintiffs' certificates of appropriateness.
Plaintiffs' appeal is sustained.
J. F. Walsh, J.