[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Church of the Open Door, property owner, appeals from the decision of the defendant, Clinton Zoning Board of Appeals (hereinafter "ZBA"), (1) upholding the zoning enforcement officer's revocation of a previously granted zoning permit for a church sign and the subsequent order for its removal and (2) denying an application for variances to permit the sign to remain.
The following facts are alleged in the plaintiff's appeal. On October 31, 1991, Barbara Swan, Zoning Enforcement Officer for the Town of Clinton (hereinafter "ZEO"), granted plaintiff's zoning permit application for a church sign to be located on church property at 70 East Main Street, Clinton, Connecticut. (Return of Record [ROR], Item 8(a)). The ZEO granted the plaintiff's application, pursuant to Clinton Zoning Regulations 12.5.1(c). (ROR, Item 23).
Clinton Zoning Regulations 12.51(c), which pertains to nonresidential districts, provides that "[o]n any lot, one (1) sign may be located within the area required for setback from a street line provided that the sign does not exceed forty eight (48) square feet in area." (ROR, Item 23). CT Page 3863
The plaintiff constructed the church sign in compliance with the specifications set forth in its zoning permit application. (ROR, Item 8(b)). The sign is forty-eight square feet in area, with internal lighting and translucent panels which accommodate lettering six (6) inches in height. (ROR, Item 8(b)). The church sign's primary purpose is to identify the location of the church and to display religious messages to passing motorists and pedestrians. (Court file, Items 107 and 109; ROR, Item 19, p. 14).
On February 12, 1992, at a public meeting, the Clinton Planning and Zoning Commission (hereinafter "PZC") made a finding that the church sign was in violation of the Clinton Zoning Regulations, despite the ZEO's prior approval. (ROR, Item 19). The PZC determined that the property on which the sign was located was zoned R-10 (residential district), rather than a non-residential district. (ROR, Item 19). Therefore, the size restriction of sixteen (16) square feet in maximum area applied, pursuant to Clinton Zoning Regulations 12.4.1(c). (ROR, Item 19); see (ROR, Item 23). Further, the PZC found that the church sign's lighting violated Clinton Zoning Regulations 12.3.5 which provides in part that [a]ll lighting of signs in Residence Districts shall be indirect with the source of illumination not visible from any lot other than the lot on which the sign is located." (ROR, Item 19); see (ROR, Item 23). As a result of the PZC hearing, the ZEO, by letter dated February 28, 1992, informed the plaintiff that the plaintiff's sign permit was retroactively denied and that the ZEO was ordering the removal of the church sign. (Court file, Item 111).
In March, 1992, the plaintiff filed an application for variances with the ZBA regarding the size and lighting of the church sign. (ROR, Item 1). On April 1, 1992, at a public meeting, the ZBA heard the plaintiff's request for variances. (ROR, Item 19). On April 10, 1992, the ZBA's decision denying the plaintiff's application for variances was published in the New Haven Register. (ROR, Items 20 and 21).
On April 22, 1992, the plaintiff filed the present appeal with the superior court, pursuant to General Statutes 8-8. (Court file, Items 101 and 103). The plaintiff alleges that the ZBA acted illegally, arbitrarily and in abuse of its discretion for the following reasons: CT Page 3864
 (1) the reasons stated on the record for its decision are insufficient to support upholding the revocation of the zoning permit by the zoning enforcement officer:
 (2) the reasons stated on the record for its decision are insufficient to support denying plaintiff's application for variances; and
 (3) such errors of law and fact and procedure which the record may reveal.
General Statutes 8-8(b) provides that "any person aggrieved by any decision of a [Zoning Board of Appeals] may take an appeal to the superior court. . . ." "To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of its decision, as distinguished from a general interest such as the concern of all members of the community, and the appellant must be specifically and injuriously affected as to property or other legal rights." Winchester Woods Associates v. Planning and Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991). Aggrievement is established if there is a possibility as opposed to a certainty that a legally protected interest has been affected adversely. Hall v. Planning Commission, 181 Conn. 442,445, 435 A.2d 975 (1980).
In the present action, the plaintiff alleges aggrievement in its brief. However, the plaintiff failed to present any evidence in support of its allegation of aggrievement at the hearing before the court on January 22, 1993. Accordingly, this appeal fails for lack of jurisdiction. However, not withstanding this finding, the court expresses hereinafter its conclusion about the various claims of law proffered.
General Statutes 8-8(b) requires that an appeal of a decision of a zoning board of appeals "shall be commenced by service of process [on the chairman or clerk of the zoning board of appeals and the clerk of the municipality] within fifteen days from the date the notice of the decision was published. . . ." See General Statutes 8-8(b), 8-8(e) and 8-8(f).
The ZBA published notice of its decision in the New Haven Register on April 10, 1992. The plaintiff caused the appeal to be served on the Zoning Board of Appeals of the Town of Clinton, CT Page 3865 Mark W. Richards, Chairman of the Board and Karen Lee Marsden, Town Clerk, on April 21, 1992. Accordingly, it is found that the appeal is timely.
Appellate review of the actions of a zoning enforcement officer was vested in the zoning board of appeals pursuant to General Statutes 8-7. General Statutes 8-7 sets forth the parameters of the ZBA's appellate authority. "A board of zoning appeals may exercise a liberal discretion in deciding upon a new application, whether to reverse its earlier — decision . . . [but] [i]ts decision is subject to judicial review upon the question of whether it has exercised its discretion in a reasonable way and upon evidence which fairly sustains its actions." (Citation omitted.) Spencer v. Board of Zoning Appeals of the City of New Haven, 141 Conn. 155, 159, 104 A.2d 373 (1954).
The ZBA acted within the parameters of its statutory authority, pursuant to General Statutes 8-7. On April 1, 1992, at a public hearing, the ZBA reviewed evidence presented by the ZEO and the plaintiff, applicant. The ZBA exercised its discretion in upholding the ZEO's revocation of the plaintiff's sign permit and denial of the plaintiff's application for variances of the Clinton Zoning Regulations' size and lighting restrictions.
In hearing a decision of the ZBA, the court may only determine whether the record reasonably supports the conclusions reached by the ZBA. Burnham v. Planning and Zoning Commission,189 Conn. 261, 265, 455 A.2d 539 (1983). The ZBA concluded that the church sign was in violation of Clinton Zoning Regulations 12.4.1(c) and 12.3.5. Clinton Zoning Regulation 12.4.1(c) provides in relevant part that "[s]igns in Residence Districts shall be limited to the following: (c) . . . one (1) sign not exceeding sixteen (16) square feet in area." Clinton Zoning Regulation 12.4.1(c). Clinton Zoning Regulation 12.3.5 provides in relevant part that "[a]ll lighting of signs in Residence Districts shall be indirect with the source of illumination not visible from any street or from any lot other than the lot on which the sign is located." Clinton Zoning Regulations 12.3.5.
The plaintiff admits that the existing church sign is in violation of the aforementioned zoning regulations. (ROR, Item 19, pp. 14, 17, 26, 28 and 36). However, the plaintiff argues that the court should sustain its present appeal on the following CT Page 3866 grounds: (1) the ZBA is equitably estopped from upholding the ZEO's decision in revoking the plaintiff's sign permit application; (2) the ZBA cannot uphold a "void" act on the ZEO; (3) the enactment of Clinton Zoning Regulation 12.3.5, which regulates the lighting of signs in residential districts, is beyond the scope of the municipality's legislative and regulatory powers; and (4) the ZBA's decision violates the plaintiff's fundamental rights to freedom of speech and freedom of religion, as guaranteed under the United States Constitution, amendment I and the Connecticut State Constitution, article I, 3 and 5.
The plaintiff argues that the ZBA is equitably estopped from upholding the ZEO's decision in revoking the plaintiff's sign permit application. In general, estoppel may not be invoked against a municipality in connection with the enforcement of its zoning laws. West Hartford v. Gelinas, 18 Conn. App. 688, 691,559 A.2d 1176 (1989); Totino v. Zoning Board of Appeals, 41 Conn. Sup. 398,400, 578 A.2d 681 (1990). In support of an exception, which permits estoppel to be raised as a defense to municipal action in enforcing zoning regulations, the plaintiff relies upon the Connecticut Supreme Court decision in West Hartford v. Rechel,190 Conn. 114, 459 A.2d 1015 (1983). In Rechel, the court provides that
 in special circumstances, a municipality may be estopped form enforcing its zoning regulations . . . [E]stoppel always requires "proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on the belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. . . ." In municipal zoning cases, however, estoppel may be invoked "(1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations.
(Citations omitted.) Id., 121, quoting Zoning Commission v. Lescynski, 188 Conn. 724, 731-32, 453 A.2d 1144 (1982). The plaintiff is required to establish both the common law elements of equitable estoppel and the additional requirements found in the three-part test for equitable estoppel involving municipal CT Page 3867 zoning cases. Id. The court in Rechel found that the elements of this additional three-part test for equitable estoppel in municipal zoning cases are determined on a case-by-case basis and whether a special circumstance exists which warrants invoking the doctrine of equitable estoppel falls within the discretion of the trial court. Id.
Therefore, it is incumbent upon each individual trial court to decide whether special circumstances exist for which equitable estoppel is appropriate. The plaintiff has fulfilled the common law requirements of equitable estoppel. First, the plaintiff has incurred over $6,000.00 in construction costs directly related to the existing church sign, not to mention the additional expenses involved in bringing the sign into conformity with the zoning regulations. Second, the plaintiff incurred this expense in reliance of the ZEO granting the plaintiff's zoning permit application.
However, the plaintiff has not fulfilled the requirements of the three-part test for equitable estoppel involving municipal zoning cases. First, as argued by the defendant, the plaintiff has an adequate remedy at law, specifically money damages, which precludes equitable estoppel. SCM Corporation v. Xerox Corporation, 507 F.2d 358, 363 (2d Cir. 1974). Second the special circumstances, necessary to satisfy the third element, do not exist in the present case. The ZBA's decision upholding the ZEO's revocation of the plaintiff's sign permit application does not result in the total exclusion of the church sign. The ZBA's decision only requires that the existing church sign be reconstructed in conformity with the Clinton Zoning Regulations. Therefore, the doctrine of equitable estoppel does not apply to the present case.
The plaintiff argues that the PZC acted illegally and arbitrarily in directing the ZEO to revoke the plaintiff's sign permit application and that the ZBA was without jurisdiction to uphold the ZEO's enforcement of the zoning regulations because the ZEO's actions were void. In support, the plaintiff relies upon Caserta v. Milford Zoning Board of Appeals, 23 Conn. App. 232,580 A.2d 528 (1990), reversed, 219 Conn. 352, 593 A.2d 118
(1991). In Caserta, the court provides
 that "[w]here there is a Board of Appeals, the [planning and zoning board] cannot by its own resolution revoke a permit previously granted CT Page 3868 by the [zoning enforcement officer]. . . ." [The PZC's] order to revoke the permit, therefore, usurped the appellate jurisdiction vested by law in the zoning board of appeals, and was, accordingly, void. . . . the board of appeals is, therefore, without authority to affirm that action, for to do so would be tantamount to performing the unauthorized action anew. . . Where the action appealed from is void, the board of appeals' sole option is to vacate that action.
(Citation omitted.) Id., 235-37.[1] However, the Connecticut Supreme Court subsequently overruled the holding in Caserta that the ZBA lacked subject matter jurisdiction in upholding the ZEO's enforcement of the municipal zoning regulations. Caserta v. Milford Zoning Board of Appeals, 219 Conn. 352, 593 A.2d 118
(1991).
On remand, the Connecticut Appellate Court held that the ZBA could uphold the enforcement of the municipal zoning regulations if the record reasonably supports the ZBA's action. Caserta v. Milford Zoning Board of Appeals, 28 Conn. App. 256, 261-62, ___ A.2d ___ (1992).
Therefore, the ZBA, as the agency charged with enforcing the zoning regulations, pursuant to General Statutes 8-7, has subject matter jurisdiction to uphold the ZEO's decision in enforcing the zoning regulations. The ZBA decision is reasonably supported by the record, noting that even the plaintiff admits in the record that the existing church sign is in violation of the Clinton Zoning Regulations which restrict the size and lighting of signs in residential districts.
A declaratory judgment action rather than an appeal is the proper proceeding in which to challenge the validity or constitutionality of an ordinance or regulation. Bombero v. Planning and Zoning Commission, 218 Conn. 737, 742, 591 A.2d 390
(1991); BCBS Goshen Realty, Inc. v. Planning and Zoning Commission,22 Conn. App. 407, 410, 577 A.2d 1101 (1990). "This rule . . . serves the important policy of ensuring that all affected landowners would be provided with an opportunity to become involved in the proceedings." Spero v. Zoning Board of Appeals, 217 Conn. 435,446, 586 A.2d 590 (1991).
As a general rule, a party cannot seek the relief provided CT Page 3869 in an ordinance or statute and later in the same proceeding attack its constitutionality; however, a party could attack the constitutionality of the zoning regulation in an independent proceeding, such as an action for declaratory judgment. Bierman v. Planning and Zoning Commission, 185 Conn. 135, 139,440 A.2d 882 (1981).
Aside from this, the plaintiff argues that, in the present appeal, the ZBA's decision, upholding the ZEO's enforcement of the zoning regulations, violates the plaintiff's fundamental rights to freedom of speech and freedom of religion as guaranteed under the United States Constitution, amendment I and the Connecticut State Constitution, article I, 3 and 5. The plaintiff relies on the United States Supreme Court decision in Employment Division v. Smith in arguing that the Clinton Zoning Regulations, as applied, are unconstitutional on first amendment grounds. Employment Division v. Smith, 494 U.S. 872,108 L.Ed.2d 876, 110 S.Ct. 1595 (1990), reh. denied, 496 U.S. 913,110 L.Ed.2d 285, 110 S.Ct. 2605 (1990) (where the Court held that an Oregon statute's prohibition of the use of peyote in religious ceremony does not violate the free exercise of religion clause of the United States Constitution, amendment I).
Contrary to the plaintiff's position, the Court in Smith held that "the right of free exercise does not relieve an individual of the obligation to comply with a `valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes).'" (Citations omitted.) Id., 879.
In the present case, the Clinton Zoning Regulations at issue are neutral as to their purpose and impact, in that they apply to all property owners without exception to race, religion or creed. The zoning regulations were enacted and enforced in an unbiased manner based on concerns for public safety and the general welfare of the community. The mere fact that the zoning regulations limit the use of church property does not render their enactment or enforcement unconstitutional. The zoning regulations do not result in the total deprivation of the plaintiff's constitutionally protected rights, but rather, subject them to reasonable governmental regulation. Thus, the municipality is only regulating the manner in which a property owner can construct and erect a sign in a residential district and not the content nor the delivery of its message. CT Page 3870
The plaintiff further contends that the Court in Smith provides that in "hybird" cases, involving both freedom of speech and freedom of religion, the Court requires a heightened standard of protection of these combined fundamental rights. The Court's treatment of this proposition was dicta with no articulation as to what this heightened standard would entail or what analysis or test, beyond the already constitutionally mandated by the Court, would apply, See Id., 881-82.
The United States Supreme Court recognizes the constitutionality and validity of governmental regulations, even though they may impact fundamental liberties. Id., 880-81. The Court in Smith states that:
 In Prince v. Massachusetts, 321 U.S. 158, 88 L.Ed. 645, 64 S.Ct. 438 (1944), we held that a mother could be prosecuted under the child labor laws for using her children to dispense literature in the in the streets, her religious motivation notwithstanding. We found no constitutional infirmity in "excluding [these children] from doing there what no other children may do." Id., at 171, 88 L.Ed. 645, 64 S.Ct. 438. In Braunfeld v. Brown, 366 U.S. 599, 6 L.Ed.2d 563, 81 S.Ct. 1144 (1961) (plurality opinion), we upheld Sunday-closing laws against the claim that they burdened the religious practices of persons whose religion compelled them to refrain from work on other days. In Gillette v. United States, 401 U.S. 437, 461, 28 L.Ed.2d 168, 91 S.Ct. 828 (1971), we sustained the military Selective Service System against the claim that it violated free exercise by conscripting persons who opposed a particular war on religious grounds.
Id.
The plaintiff also relies upon the Connecticut Superior decision is Grace Community Church v. Planning Zoning Commission of the Town of Bethel, 6 CTLR 152 (March 17, 1992, Fuller, J.), where the court held that a higher level of review is required in zoning appeals implicating freedom of religion issues. The decision in Grace involved a church property owner who was denied a special permit rather than an application for a variance, as in the present case. Id. Further, the court in Grace does not provide, as the plaintiff suggests, a special standard to be CT Page 3871 applied to church property owners in the enforcement of zoning regulations and the granting of variances. The decision in Grace stands for the proposition that the superior court, in reviewing zoning appeals involving freedom of religion issues, should apply a broader scope of review to the decision of the administrative agency. Id., 158-60. The court in Grace did not intend to mandate a reform on how a municipality is to enforce its zoning regulations and to review application for variances pertaining to the zoning regulations. See Id.
Therefore, the Clinton Zoning Regulations, as applied, do not violate the plaintiff's constitutional rights to freedom of speech and freedom of religion, as guaranteed by the United States Constitution, amendment I and the Connecticut State Constitution, article I, 3 and 5.
A zoning board of appeals has the power to grant or deny an application for variance. General Statutes 8-6(3). "A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations." Kaeser v. Zoning Board of Appeals, 218 Conn. 438, 445, 589 A.2d 1229 (1991). A variance should only be granted sparingly and only in circumstances where the specified requirements are complied with. Id. Two basic conditions must be satisfied in order for a variance to be granted: (1) the variance is shown not to substantially affect the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship which is unnecessary to the carrying out of the general purpose of the zoning plan. Pollard v. Zoning Board of Appeals,186 Conn. 32, 38-39, 438 A.2d 1186 (1982). "[I]t is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner." Id.
Granting the plaintiff's application for variances would not affect the comprehensive zoning plan. The record supports the plaintiff's argument that the general area surrounding the location of the church sign is zoned for commercial and business purposes. The record indicates that numerous properties along U.S. Highway 1, in Clinton, have signs that are between sixteen (16) and forty-eight (48) square feet in area. The plaintiff's sign is not inconsistent with the comprehensive zoning plan for the area in which the existing church sign is located. CT Page 3872
However, as discussed in the previous section dealing with equitable estoppel, the plaintiff cannot show the requisite unusual hardship to satisfy the second part of the test for granting a variance. In the present case, the only hardship which is supported by the record is economic in nature. loss is not sufficient reason for granting a variance. Hyatt v. Zoning Board of Appeals, 163 Conn. 379, 383,311 A.2d 77 (1972). The plaintiff is not being denied the right to have a sign to display religious messages, but rather, the sign must conform to the zoning regulation's requirement or a maximum area of sixteen (16) square feet. Therefore, the record reasonably supports the ZBA decision in denying the plaintiff's application for variances.
Finally, the plaintiff contends that there exists a special standard for variances involving religious institutions. There exists no Connecticut authority which supports the plaintiff's proposition that a special standard should be applied to a church property owner's request for a variance which is different from that applicable to any other property owner.
Judgment is entered in favor of the Appellate Board and the appeal is hereby dismissed.
HIGGINS, J.