[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff testified that she is the present owner of this subject real estate and aggrievement is found.
Plaintiff filed a petition with the Stratford Zoning Commission seeking a waiver of use in order to allow a two-family residence to remain within an existing single-family zoning district that permits single-family residences only. The residence was constructed in 1925 and was converted to a two-family residence in 1960. It should be noted that since this residence was converted to a two-family dwelling it has been in violation of the Zoning regulations for in excess of forty-two years. Unfortunately, the doctrine of laches is unavailable as a defense to a municipal claim for a zoning violation and plaintiff has not asserted it.
In 1984 the residence was purchased by the plaintiff as a two-family house. In 1982 a prior owner sought a variance claiming a hardship which was denied by the Zoning Board of Appeals. As a result of a complaint in 1995 from a neighbor the plaintiff was notified of the present zoning violation but plaintiff took no action to remedy the violation until she filed the June 15, 1999 petition with the Zoning Commission some four years later. Parenthetically, during this four-year period the Zoning Commission took no formal enforcement action. After a public hearing the commission voted unanimously to deny her petition.
Pursuant to Connecticut General Statutes, Section 8-6 and Section 3.20 of the Stratford Zoning Regulations the Stratford Zoning Commission decides cases involving use variance as special cases pursuant to Section 20.1 of its regulations and is to consider the criteria set forth in Section 20.2 in making its determination. The Commission voted to take the plaintiff's petition for approval of a waiver for use under Section 20.1 of the Zoning Regulations as required by Section 4.1.
An examination of the cases in indicates that the reason for granting a CT Page 1883 variance based on hardship must be based on some unusual characteristic of the property which would deprive the owner of reasonable use of the property. Giarrantano v. Zoning Board of Appeals of the City of Norwich,60 Conn. App. 446, 453 (2000); Esposito v. Zoning Board of Appeals ofTown of Hamden, 26 Conn.L.Rptr. 315, 2000 WL 157893 (2000). Plaintiff makes no such claim. The hardship must be different in kind from that generally affecting other property within the same zoning district.Carini v. Zoning Board of Appeals, 164 Conn. 169, 172 (1972). Personal or financial loss to the petitioner is not a sufficient basis to grant a variance. Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239
(1972). Plaintiff when she obtained the title to the subject property either knew or should have known due to her relationship with the prior owner that the property violated the then existing zoning regulations. An examination of the record shows that in 1982, the prior owner of the subject property applied for a variance seeking the same relief plaintiff presently seeks. The variance was denied and there was no appeal.
A zoning authority cannot grant a variance from its regulations when a similar variance affecting the same property was denied unless there is a material change in circumstance. Laurel Beach Association v. Zoning Boardof Appeals, 166 Conn. 385, 387 (1974). A change in ownership does not constitute such a material difference. Spencer v. Board of ZoningAppeals, 141 Conn. 155, 160 (1954).
Plaintiff has the burden to demonstrate that the Stratford Zoning Commission has acted unreasonably, arbitrarily, illegally or in abuse of its discretion.
Plaintiff has failed to meet her burden.
The appeal is dismissed.
Owens, J. CT Page 1884