FILOMENO PALMIERI *v.* ZONING BOARD OF APPEALS OF THE TOWN OF WESTPORT

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 65

Argued September 9—decided November 14, 1975

*Thomas C. Gerety,* for the appellant (plaintiff).

*Warren P. Johnson* and *Stanley P. Atwood,* for the appellee (defendant).

Sponzo, J. The plaintiff assigns as error the action of the court in sustaining the demurrer. In his complaint the plaintiff alleges that the defendant, zoning board of appeals, refused to hear his appeal from the ruling of the zoning enforcement officer, and the plaintiff seeks a writ of mandamus to compel the defendant to conduct a hearing and render a decision. The defendant demurred to the complaint on the grounds that the plaintiff has an adequate remedy at law and that he also has no clear legal right to the performance of a ministerial act by the zoning enforcement officer. The lower court, in sustaining the demurrer, ruled that the plaintiff's remedy is an appeal under the provisions of § 8-8 of the General Statutes.

Section 8-6 of the General Statutes states the powers and duties of a zoning board of appeals, one of which is "[t]o hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement" of any zoning matter. General Statutes § 8-7 provides that "said board [of appeals] shall . . . hear such appeal." Finally, under General Statutes § 8-8 any person aggrieved by any decision of the zoning board of appeals may take an appeal to the Court of Common Pleas.

"The function of a demurrer is to test the sufficiency of a pleading. *Mainolfi* v. *Zoning Board of Appeals,* 146 Conn. 634, 636 . . . ; see Practice Book § 106. In testing the legal sufficiency of a complaint on demurrer, the court is limited to and controlled entirely by the information which the complaint itself affords. *Ryan* v. *Knights of Columbus,* 82 Conn. 91, 92 . . . ." *Ivler* v. *Stanton,* 161 Conn. 568, 569.

The demurrer admits the facts averred and no others, and no additional facts may be imported into

the issue raised by the demurrer. "A demurrer is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." *Wexler Construction Co.* v. *Housing Authority,* 144 Conn. 187, 194. In its brief and argument, the defendant wishes to bring to the attention of this court past and present litigation between the parties. We are unable to consider any facts not alleged in the complaint. Since the complaint alleged a refusal by the defendant to hear the plaintiff's appeal, that refusal is considered admitted by the demurrer.

Before the plaintiff could avail himself of the right to appeal pursuant to the provisions of § 8-8 of the General Statutes, it was necessary that the defendant render a decision because only a decision is appealable. The defendant had a duty to hear the appeal, and a writ of mandamus is the proper action to compel the performance of such a duty.

The demurrer was not well taken.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer.

In this opinion SPEZIALE and D. SHEA, Js., concurred.