[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Facts
The plaintiff, Richard Grasso, filed this action on July 13, 1999, seeking a writ of mandamus ordering the defendant, the Groton Long Point Zoning Board of Appeals to hold a public hearing on the plaintiff's appeal from the Groton Long Point Zoning Officer's denial of the plaintiff's application for a zoning permit and coastal site plan. A hearing was held before this court January 26, 2000.
The court finds the following facts. In 1990, the Zoning Officer of Groton Long Point issued a permit allowing the plaintiff to construct a stone revetment to protect his land from erosion. In 1997, the plaintiff, without a permit, had a concrete support built on his property directly behind the stone revetment. On September 5, 1997, after the concrete support was already built, the plaintiff filed an application for a zoning permit for the concrete support.
A hearing was held on April 1, 1998, and the plaintiff's application was denied on April 9, 1998. The reasons given by the Zoning Officer for the denial of the plaintiff's application were as follows: "In particular, (1) the Coastal Site Plan was found by [the Department of Environmental Protection] to be inconsistent with the [Connecticut Coastal Management Act, General Statutes §§ 22a-90 to22a-112], and it was found by the Zoning Commission to fail to identify and consider at least coastal resource policies (A), (C), and a significant portion of (F) under C.G.S. Section 22a-92 (b)(2) and fail to identify and consider the adverse impacts (B), (C), (F), and (H) under C.G.S. Section 22a-93 (15), and thus the Plan was denied by the Commission; (2) the Soil Erosion and Sediment Control Plan was, found to be deficient in that it could not control or account for the location of a large portion of the soil or sand excavated for the installation of the concrete structure, while your presentation admitted that some of the sand was washed away by waves, and thus the Plan was denied and not certified by the Commission; and (3) the proposed work (some of which is already completed) does not CT Page 5487 comply with the Zoning Regulations 3.1, 3.13, 3.13.2(e), 3.15, 3.26, 7.1, 7.6, 10.3.3, 10.4.1(4), 10.4.3.1(2), 10.4.3.3(1), and 11.1." The plaintiff appealed the denial of his application to the Groton Long Point Zoning Board of Appeals (the ZBA). After extensive hearings on the matter, the ZBA dismissed the plaintiff's appeal.
In February 1999, the plaintiff filed a new application for the already-built concrete support with the Zoning Officer. The Zoning Officer denied the application by a letter dated May 6, 1999. One of the reasons for the Zoning Officer's denial of the application was "that it proposes exactly the same project, and it provides no substantially different information than that provided in previous submittals, and as such provides no reason to reconsider the denial by the Zoning Commission (ZC) on 9 April 1998." The plaintiff again appealed to the ZBA. By letter dated June 16, 1999, Gerald J. Carriera, chair of the ZBA, informed the plaintiff that "[s]ince this is the same revetment in the same location that was considered by the ZBA in hearings last year, we cannot entertain your request for an appeal to the ZBA." The plaintiff then commenced in this court an administrative appeal, which was subsequently withdrawn, and the present mandamus action. The plaintiff seeks this court to issue a writ of mandamus ordering the ZBA to hold a public hearing on the plaintiff's appeal from the denial of the 1999 application.
 Discussion
"The Superior Court may issue a writ of mandamus in any case in which a writ of mandamus may by law be granted, and may proceed therein and render judgment according to the course, of the common law." General Statutes § 52-485 (a). "Mandamus is an extraordinary remedy. It is designed to enforce a plain positive duty. The writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled and the party seeking the writ has a clear legal right to the performance." (Internal quotation marks omitted.) Gelinas v. West Hartford,225 Conn. 575, 586, 626 A.2d 259 (1993). "It is well established that mandamus will issue only if the plaintiff can establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to the performance of that duty; and (3) that the plaintiff has no adequate remedy at law." (Internal quotation marks omitted.)Stratford v. State Board of Mediation Arbitration, 239 Conn. 32,44, 681 A.2d 281 (1996).
The plaintiff argues that the defendant ZBA has a clear legal duty to hold a public hearing on an appeal from the denial of a CT Page 5488 zoning permit. The plaintiff's argument is based on the language of General Statutes §§ 8-6 and 8-7. General Statutes § 8-6, which defines the powers and duties of zoning boards of appeals, provides in part, "(a) The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter. . . ." General Statutes § 8-6 (a). General Statutes § 8-7 provides, "Such board shall, within the period of time permitted under section 8-7d, hear such appeal and give due notice thereof to the parties. Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before such hearing." General Statutes § 8-7.
As the plaintiff points out, the Appellate Session of the Superior Court has held that an application for a writ of mandamus, rather than an administrative appeal, is the proper method for challenging the refusal of a Zoning Board of Appeals to hold a hearing. Palmieri v. Zoning Board of Appeals, 32 Conn. Sup. 625,349 A.2d 731 (1975). The basis of the court's holding in that case was that "[b]efore the plaintiff could avail himself of the right to appeal pursuant to the provisions of § 8-8 of the General Statutes, it was necessary that the defendant render a decision because only a decision is appealable. The defendant had a duty to hear the appeal, and a writ of mandamus is the proper action to compel the performance of such a duty." Id., 627.
The defendants, however, urge the relevance of a line of cases holding that a zoning board of appeals has limited discretion to reverse its previous rulings. Our Supreme Court has stated that "an administrative agency cannot reverse a prior decision unless there has been a change of conditions or other considerations have intervened which materially affect the merits of the matter decided. . . . The principle applies, however, only when the subsequent application seeks substantially the same relief as that sought in the former." (Citations omitted; internal quotations marks omitted.)Grillo v. Zoning Board of Appeals, 206 Conn. 362, 367, 537 A.2d 1030
(1988); see also Malmstrom v. Zoning Board of Appeals, 152 Conn. 385,390-91, 207 A.2d 375 (1965); Fiorilla v. Zoning Board of Appeals,144 Conn. 275, 278-79, 129 A.2d 619 (1957); Hoffman v. Kelly,138 Conn. 614, 616-17, 88 A.2d 382 (1952).
"The determination as to whether the application under review is substantially the same as the prior application and that CT Page 5489 circumstances and conditions have not changed so as to affect materially the merits of the application is for the [Zoning Board of Appeals] to determine in the first instance." Bradley v. InlandWetlands Agency, 28 Conn. App. 48, 51, 609 A.2d 1043 (1992). The plaintiff argues that because the existence of changed conditions or intervening considerations is a question for the Zoning Board of Appeals, he is entitled to have that determination resolved in a public hearing.
The plaintiff has not pointed to any authority expressly stating that an applicant to a zoning board has a right to a public hearing on the question of whether there are changed conditions or intervening considerations justifying a reconsideration of an earlier decision, as distinguished from the right, under General Statutes §8-7, to a hearing on the merits of an application. On the contrary, the Supreme Court has stated that "a zoning board of appeals should not ordinarily be permitted to review its own decisions and revoke action once duly taken. Otherwise there would be no finality to the proceeding." (Emphasis added.) Mynyk v. Board of Zoning Appeals,151 Conn. 34, 38, 193 A.2d 519 (1963); Mitchell Land Co. v. Planning Zoning Board of Appeals, 140 Conn. 527, 533, 102 A.2d 316 (1953);St. Patrick's Church Corp. v. Daniels, 113 Conn. 132, 137, 154 A. 343
(1931). One of the reasons for this rule is to prevent parties from being "unduly harassed and injured through being called upon to contest repeated and frequently recurring agitations pertaining to the same subject-matter." Bright v. Zoning Board of Appeals,149 Conn. 698, 705, 183 A.2d 603 (1962); St. Patrick's Church Corp.v. Daniels, supra, 113 Conn. 137. The goal of preventing such harassment would be thwarted if zoning boards were required to hold a public hearing every time an application is submitted, even if the application is in all respects identical to one previously ruled upon. The plaintiff therefore has failed to show a clear right to a public hearing on the question of whether changed conditions or intervening considerations justify a reconsideration of the prior decision of the Board of Zoning Appeals.
The plaintiff is also not entitled to a writ of mandamus ordering a public hearing by the Zoning Board of Appeals on the merits of its application. As indicated above, a zoning board of appeals has considerable discretion in the determination of whether an application seeks the same relief as a previous application and whether the application presents new considerations and conditions. See Fiorilla v. Zoning Board of Appeals, supra, 144 Conn. 279. Because a writ of mandamus is only appropriate to compel the performance of a non-discretionary duty, the remedy is unavailable to compel the Zoning Board of Appeals to determine that the plaintiff's CT Page 5490 later appeal involved new conditions or considerations. See Stratfordv. Board of Mediation Arbitration, supra, 239 Conn. 44.
Furthermore, the plaintiff has failed to show that the Zoning Board of Appeals abused its discretion in determining that the new application did not involve changed conditions or new considerations. The plaintiff argues that "an abundance of new considerations materially affecting the subject matter" were present in the later application that were absent from the earlier application. An examination of the items that the plaintiff claims are new considerations, however, reveals that the plaintiff merely developed his case in more detail on the later application.
The plaintiff points out eighteen specific areas of information that were developed in the later application but that the plaintiff states were "not provided" in the plaintiff's earlier application. Additionally, the plaintiff urges the court to consider the following differences between the two applications: the new application contained drawings of the support as built whereas the drawings in the old application were a preliminary design; the new applications's drawings accurately depicted the dimensions of the support whereas the old application's drawings did not; the new application included an "erosion and sedimentation control narrative" while no such narrative was included in the old application; the new application included details of the effects of wave loading force on the revetment and concrete support, while the old application did not; the new application added an explanation of the placement of excavated sand and soil; in the new application, "[t]hree details were shown . . . including a Wave Force Detail, a Structure Cross Section Detail, and Access Drive Detail" while in the old application "two of the details were not shown at all and the third was less detailed"; and the new application included six pages of additional supplementary information not provided in the original application.
It does not appear that any of the additional information provided by the plaintiff in his later application was unavailable to him at the time of the earlier application. The plaintiff argues that because he provided this additional information on his new application, "other considerations have intervened which materially affect the merits of the matter decided," and that he is therefore entitled to a new hearing. The Supreme Court has held to the contrary: "The considerations . . . mentioned do not refer to newly thought of grounds which could have been presented by the earlier application and are recited in a subsequent application asking for relief substantially identical with that previously sought. To fall within the principle, the consideration must relate to something that CT Page 5491 was not and could not have been advanced as a reason . . . upon the prior application. It must relate to some material new factor which was nonexistent when the prior application was denied." Sipperley v.Board of Appeals on Zoning, 140 Conn. 164, 168, 98 A.2d 907 (1953); see also Bright v. Zoning Board of Appeals, supra, 149 Conn. 705-06.
In the present case, no new factors came into existence during the interim between the two applications; the plaintiff simply developed his case more elaborately in the new application. The determination of the Zoning Board of Appeals, therefore, that there were no new conditions or considerations in the new application, was not an abuse of discretion.
 Conclusion
The plaintiff has failed to show that he is entitled to an order directing the Board of Zoning Appeals to hold a public hearing on his appeal from the denial of his new application for a zoning permit. He is not entitled to a public hearing on the merits of his application because the Board may not hear the same application twice unless there has been an intervening change in conditions or some new considerations have arisen. The determination of whether there has been a change in conditions and of whether new considerations exist is within the discretion of the Board. A writ of mandamus will not issue to order the performance of a discretionary duty.
Furthermore, the plaintiff is not clearly entitled to a public hearing to determine whether such a change in conditions or new considerations exist. The principle that the Board may not normally review its own decisions is designed in part to prevent the harassment and abuse that can result from repeated applications on the same matter. This policy would be undermined by requiring a public hearing even when the application under consideration raises no new considerations.
For these reasons, the plaintiff's application for a writ of mandamus is denied.
D. Michael Hurley Judge Trial Referee