[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF APPEAL
The plaintiffs, JoAnn Battistoni, Audrey Heimler and Arnold Heimler, appeal from a decision of the defendant, the zoning board of appeals of the town of Morris. The defendant had determined that it lacked jurisdiction to act upon the plaintiffs' appeal from the planning and zoning commission's refusal to take any enforcement action against the intervening defendant, the Woodbury-Southbury Rod and Gun Club, Inc.(the "Club")
 BACKGROUND
By appeal dated May 23, 2000, the plaintiffs[1] appealed to the zoning board of appeals from a May 3, 2000 decision of the Morris planning and zoning commission. (Return of Record [ROR], Exhibit A: May 23, 2000 Appeal.) That appeal alleged the following facts. The intervening defendant, Woodbury-Southbury Rod and Gun Club, Inc., owns property at Anderson and Benton Roads in Morris, Connecticut, which is located in an R-60 zone. (ROR, Exh. A, ¶¶ 2, 3.) The regulations require a special exception permit for a membership club in an R-60 zone, and the planning and zoning commission notified the Club that it was required to apply for a special exception permit. (ROR, Exh. A, ¶ 5.) The Club failed to file an application, but the commission refused to issue a cease and desist order against the Club. (ROR, Exh. A., ¶ 5.). Following this determination, the neighboring landowners appealed to the zoning board of appeals. (ROR, Exh. A.) The board, upon determining that no statutorily appealable action had been taken by the commission, declined to schedule a hearing in the matter. (ROR, Exh. C.) The neighboring landowners now appeal to the court from the board's failure to hear and decide their appeal.
 JURISDICTION
General Statutes § 8-8 governs an appeal taken from a decision of a CT Page 6020 zoning board of appeals to the Superior Court. A statutory right to appeal requires strict compliance with the statutory provisions which create that right. Bridgeport Bowl-O-Rama, Inc. v. Zoning Board ofAppeals, 195 Conn. 276, 283 (1985).
 Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192 (1996). General Statutes § 8-8 (a)(1) provides, in relevant part, "`aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
In the present appeal, the neighboring landowners allege that each "owns an interest in real property within one hundred feet of the property that was the subject matter of the decision of the defendant Zoning Board of Appeals. . . ." (Appeal, ¶ 1.) Furthermore, the parties have stipulated that the plaintiff JoAnn Battistoni is the owner of property abutting the Club property and is therefore an "aggrieved person" under § 8-8 (a)(1).
 Service of Process
In pertinent part, General Statutes § 8-8 (b) provides that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Subsection (e) further provides that "[s]ervice of legal process . . . shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
On August 2, 2000, this appeal was commenced by service of process upon the town clerk, the chairperson of the zoning board of appeals, and upon the president of the Woodbury-Southbury Rod and Gun Club, Inc. (Sheriff's Return.) At a special meeting held on July 18, 2000, the board decided not to conduct a hearing on the underlying appeal. (ROR, Exh C.) The town clerk stamped the minutes of this special meeting as received on July 19, 2000. (ROR, Exh. C.)
 SCOPE OF REVIEW
The board hears and decides an appeal from the decision of a zoning CT Page 6021 enforcement officer "de novo." Caserta v. Zoning Board of Appeals,226 Conn. 80, 88-89 (1993). "It follows from the de novo nature of the board's consideration of the issues decided by the zoning enforcement officer that the trial court, upon a judicial appeal from the board pursuant to General Statutes § 8-8, must focus on the decision of the board and the record before it, because it is that decision and record that are the subject of the appeal under [the statute]." Id., 90-91.
When the board has stated the reasons for its action, "the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." (Internal quotation marks omitted.) Id., 86-87. "Under this traditional and longstanding scope of review, the proper focus of a reviewing court is on the decision of the zoning agency and, with regard to its factual determinations, on the evidence before it that supports, rather than contradicts, its decision." Id., 87.
 DISCUSSION
At the board's July 18, 2000 special meeting, David Snyder moved "[t]o decline to schedule a hearing because there was not action taken by the Zoning Commission or the Zoning Enforcement Officer that is [appealable] to the Zoning Board of Appeals pursuant to [the] statute." (ROR, Exh. C.) The motion was seconded and unanimously approved. (ROR, Exh. C.) Prior to the vote, a letter from attorney, Charles Roraback, was read into the record. (ROR, Exh. C.) This letter, dated July 18, 2000, was written at the request of the board's chairperson, Nancy Fenn, who had requested a legal opinion "on the question of whether the Morris Zoning Board of Appeals . . . has jurisdiction to act on the [neighboring landowners'] appeal." (ROR, Exh. B.) Roraback questioned whether the planning and zoning commission had the authority to enforce the regulations, "or whether that function lies solely with the zoning enforcement officer." (ROR, Exh. B.) Roraback also observed that the neighboring landowners were appealing from a "`decision'" that "constitutes an exercise of the PZC's discretion not to pursue an enforcement action against the [Club]." (ROR, Exh. B.) He further maintained that, because there was no a statutory or regulatory requirement that a zoning enforcement agent must act to enforce regulations upon the request of a third party, the commission's decision here could be characterized "as a failure to take action and not an `order, requirement or decision' appealable under C.G.S. § 8-7." (ROR, Exh. B.)
Roraback also distinguished the "determination by the PZC or zoning enforcement officer that a cease and desist order is not merited" from "a failure to take action on an application for a certificate of zoning CT Page 6022 compliance or an application for a zoning permit" on the basis that both such applications were ministerial and governed by procedures found in the regulations. (ROR, Exh. B.) He acknowledged that he had found no Connecticut caselaw on point, but he believed "that the overall framework of Connecticut zoning law and the Morris Zoning Regulations does not contemplate that the ZBA should have the jurisdiction to initiate an enforcement action where neither the PZC nor the zoning enforcement officer have done so." (ROR, Exh. B.)
The neighboring landowners now appeal on the ground that the board acted illegally, arbitrarily and in abuse of its discretion by deciding not to hold a public hearing and by refusing to decide their appeal. (Appeal, ¶ 12.) In support, they argue that the board had jurisdiction to review the commission's decision because the commission, at the time of its decision, was acting in its capacity as a deputy zoning enforcement officer. (Plaintiffs' Brief, p. 14.) They further argue that the determination not to issue a cease and desist order was appealable because the regulations expressly "permit [an] appeal where there is a claimed error in a decision made by the Enforcement Officer. . . ." (Plaintiffs' Brief, p. 20.) They conclude that "even a decision not to act by an Enforcement Officer is a decision that triggers the right of appeal to the ZBA as pursued by the plaintiffs herein." (Plaintiffs' Brief, p. 20.)
General Statutes § 8-6 (a)(1) provides that a zoning board of appeals has the power and the duty "[t]o hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter. . . ." Section 71 of the town of Morris zoning regulations contains similar language. (Plaintiffs' Exhibit 2: Zoning Regulations.) Section 8-7 further provides that "[a]n appeal may be taken to the zoning board of appeals by any person aggrieved. . . ."
General Statutes § 8-8 provides that an aggrieved person may appeal from a "decision" of a board. In the present case, the board declined to schedule a hearing on the neighboring landowners' underlying appeal. A refusal to entertain such an appeal, however, does not constitute a decision for purposes of the statute. "If [a] board refuse[s] to act upon and decide [an] appeal, a mandamus action can be brought to compel it to act; before there is a right to appeal to the Superior Court under section 8-8 of the General Statutes the board must make a decision since only a decision is appealable." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1999) § 8-6, p. 169.
In Palmieri v. Zoning Board of Appeals, 32 Conn. Sup. 625 (App. Sess. CT Page 6023 1975), the plaintiff brought a mandamus action alleging that the defendant board refused to hear his appeal from a zoning enforcement officer's ruling. The plaintiff was seeking a writ of mandamus to compel the defendant board to conduct a hearing and to render a decision on his appeal. The defendant demurred to the complaint, in part, on the ground that the plaintiff had an adequate remedy at law. The lower court sustained the demurrer, holding that the plaintiff's remedy was an appeal pursuant to General Statutes § 8-8. The appellate session of the Superior Court disagreed and emphasized that "[b]efore the plaintiff could avail himself of the right to appeal pursuant to the provisions of § 8-8 of the General Statutes, it was necessary that the defendant render a decision because only a decision is appealable." Id., 627. The court further observed that "[t]he defendant had a duty to hear the appeal, and a writ of mandamus is the proper action to compel the performance of such a duty." Id. See also Caporizo v. Zoning Board ofAppeals, Superior Court, judicial district of Stamford, Docket No. 150391 (June 12, 1997, Mintz, J.), (19 Conn.L.Rptr. 607) (a mandamus action is proper vehicle to compel board to hear plaintiff's appeal from zoning enforcement officer's order, not an administrative appeal). The neighboring landowners already have filed a mandamus action. SeeBattistoni v. Zoning Board of Appeals, Superior Court, judicial district of Litchfield, Docket No. 083195.
In the present action, the neighboring landowners allege that the board failed to decide their appeal and request the court to sustain the present appeal. An administrative appeal, however, may address only the merits of a board's decision, and not the board's refusal to entertain the appeal in the first instance. See Harlow v. Planning ZoningCommission, 194 Conn. 187, 196 (1984).
For the foregoing reasons, this administrative appeal is dismissed.
Cremins, J.